■ In the Matter of REGINA M. C. (Appeal No. 1.)—Order unanimously affirmed without costs. Memorandum: Respondent's three children were removed from her home and placed in foster care in September 1982 and two months later, she was found to have neglected the children because she was unable to provide minimal care due to alcohol abuse. A permanent neglect petition was filed on January 18, 1985, alleging a failure to plan for the future of the children from November 1982 until October 1984.

Family Court's determination that respondent failed to plan adequately for her children's future is amply supported by the record. Maintenance of sobriety was a primary objective of respondent's plan. Although she participated in several treatment and counseling programs for her problem with alcohol, respondent suffered frequent lapses and was unable to maintain sobriety with any consistency sufficient to warrant a return of the children to her care. Since respondent failed to take any significant step toward altering her pattern of behavior or providing a suitable environment for her children, a finding of permanent neglect was proper (Matter of Nathaniel T., 67 NY2d 838, 841-842; Matter of Ronald YY., 101 AD2d 895).

The court did not err by including the period of respondent's residence at Fellowship House, a halfway house for

recovering alcoholics, within the failure-to-plan period found by the court. Her residence at the facility did not prevent continued visitation with her children as scheduled, and she was not prevented from developing a plan for the children. While at the facility, petitioner continued to provide various services designed to assist respondent in the preparation of her plan. We conclude that, where residence at such facility does not interrupt the parent's ability to perform statutory obligations, the parent is not "hospitalized" or "institutionalized" within the meaning of Social Services Law § 384-b (7) (d) (ii) *(Matter of James S.,* 98 Misc 2d 650, 654; *cf., Matter of Nicole M.,* 120 Misc 2d 553).

The record also supports Family Court's finding that petitioner made diligent efforts to encourage and strengthen the parental relationship (Social Services Law § 384-b [7] [a], [f]). Although petitioner's efforts were unsuccessful on occasion, it was not required to guarantee success *(Matter of Sheila G.,* 61 NY2d 368, 385). Petitioner's provision of a myriad of services directed not only toward respondent's alcoholism, but also in the areas of housing, homemaking and parental guidance, more than satisfied the statutory requirement of "reasonable attempts" to assist, develop and encourage a meaningful relationship between respondent and her children *(see,* Social Services Law § 384-b [7] [f]; *Matter of Jamie M.,* 63 NY2d 388; *Matter of Sheila G., supra).* (Appeal from order of Genesee County Family Court, Graney, J.—permanent neglect.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ.