■ In the Matter of AMY LYNN T., a Child Alleged to be Permanently Neglected. VICKI D., Appellant; NIAGARA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [629 NYS2d 910] —Order unanimously affirmed without costs. Memorandum: Family Court properly concluded that petitioner satisfied its threshold burden of establishing that it fulfilled its statutory duty to exercise "diligent efforts" to reunite respondent with her child (Social Services Law § 384-b [7] [a]). Petitioner assisted respondent with programs providing treatment and counseling with respect to respondent's admitted problem with alcoholism; assisted respondent with counseling programs to improve her parenting skills and arranged for transportation to those programs; scheduled supervised visitation with the child and arranged for transportation for the visitation; and assisted respondent in obtaining an apartment (*see, Matter of Regina M. C.*, 139 AD2d 929). Thus, there is clear and convinc-

ing evidence that petitioner fulfilled its statutory duty to exercise "diligent efforts" to strengthen the parent-child relationship and to reunite the family (Social Services Law § 384-b [7] [a], [f]; *see, Matter of Sheila G.*, 61 NY2d 368).

The court did not err in conducting a dispositional hearing in the absence of respondent. The record establishes that respondent was represented at the dispositional hearing by counsel and that the court made a sufficient inquiry whether respondent was aware of the nature and ramifications of the proceedings, and also ascertained that neither respondent nor her counsel was seeking an adjournment before proceeding in respondent's absence. (Appeal from Order of Niagara County Family Court, Crapsi, J.—Permanent Neglect.) Present—Lawton, J. P., Fallon, Wesley, Callahan and Doerr, JJ.