■ In the Matter of JOWELL LATEEFRA B., a Child Alleged to be Permanently Neglected. JEWISH CHILD CARE ASSOCIATION, Respondent; BENNY H., Appellant, et al., Respondent. [706 NYS2d 115] —Order of disposition, Family Court, Bronx County (John Hunt, J.), entered on or about December 5, 1997, which, to the extent appealed from, upon a fact-finding determination of permanent neglect against respondent father, terminated his parental rights to the subject child and committed her custody and guardianship to petitioner agency and the Commissioner of Social Services for the City of New York for the purpose of adoption, unanimously affirmed, without costs.

Clear and convincing evidence supports Family Court's finding of permanent neglect against respondent father, based on his failure substantially and continuously, or repeatedly, to maintain contact with his child, as well as to plan for her future, for a period of more than one year (see, Social Services Law § 384-b [7] [a]; Matter of Sheila G., 61 NY2d 368). Notwithstanding petitioner's diligent efforts in arranging scheduled visitation and in recommending services to help respondent father plan for his child's return, he failed to appear for more than half of the scheduled visits and substantially delayed in utilizing, or remained uncooperative in availing himself of, the services offered. There is no merit to the father's claim that petitioner failed to make the necessary special ac-

commodations for his blindness. There is no evidence that the father ever requested such accommodations from petitioner and, in any event, petitioner could have reasonably anticipated that the father would have been accompanied on visits with the child by the child's mother, who had resided with him prior to the filing of the neglect petition and who was also named as a respondent in the petition.

A preponderance of the evidence supports Family Court's finding that it was in the best interests of the child that the father's parental rights be terminated and that the child be freed for adoption (*see, Matter of Star Leslie W.*, 63 NY2d 136, 147-148). Evidence at the dispositional hearing showed that the child, born in 1990, had resided with her foster family for 4½ years, that she regarded her foster parents as her mother and father, that during her stay in the foster home she had performed well at school, and that her foster mother was active in school functions and had taken a keen interest in her development. Concur—Sullivan, P. J., Nardelli, Tom, Wallach and Saxe, JJ.