■ In the Matter of LAURA MARIELA R., a Child Alleged to be Permanently Neglected. ALICIA R., Appellant; PIUS XII YOUTH AND FAMILY SERVICES, Respondent. [754 NYS2d 546] —Order, Family Court, Bronx County (Clark Richardson, J.), entered on or about October 16, 2000, which denied respondent mother's motion to vacate a dispositional order of the same court and Judge, entered on or about September 13, 2000, which, upon respondent's default in appearing at the underlying fact-finding and dispositional hearings, terminated her parental rights to the subject child on grounds of permanent neglect and committed custody and guardianship of the child

to the petitioning agency and the Commissioner of Social Services for the City of New York for the purpose of adoption, unanimously affirmed, without costs.

While Family Court should have explained its reasons for denying respondent's motion to vacate the dispositional order (*Nadle v L.O. Realty Corp.*, 286 AD2d 130), the motion was nevertheless properly denied since she failed to demonstrate a reasonable excuse for her defaults in appearing at the fact-finding and dispositional hearings. Although respondent averred that she had been participating in an in-patient drug rehabilitation program at the time of the hearings, she did not explain why she had been unable to notify her attorney or the court of her unavailability for a hearing date she knew about two months earlier (*see Matter of Ashley Marie M.*, 287 AD2d 333). Respondent, in support of her motion for vacatur, also failed to make the requisite showing that she possessed a meritorious defense. Her affidavit provided no indication that, contrary to the allegations of the permanent neglect petition, she had in fact planned for the child's future (*see Matter of Willie James Scott R.*, 265 AD2d 153). Respondent's attorney's conclusory affirmation in opposition to the petition was unavailing since she lacked personal knowledge of the facts.

Finally, respondent's argument as to the adequacy of her representation is unpreserved and we do not reach it (*see Matter of Tamara Liz H.*, 300 AD2d 202). In any event, our review of the existing record reveals that counsel was not ineffective (*see id.*; *see also Matter of Geraldine Rose W.*, 196 AD2d 313, *lv dismissed* 84 NY2d 967). Concur—Tom, J.P., Andrias, Sullivan, Friedman and Marlow, JJ.