█ In the Matter of TASHONA SHARMAINE A., a Child Alleged to be Permanently Neglected. RAYDELL MELISSA S. et al., Appellants; GRAHAM-WINDHAM SERVICES TO FAMILIES AND CHILDREN, Respondent. [805 NYS2d 331]—

Order of disposition, Family Court, Bronx County (Allen G. Alpert, J.), entered on or about August 4, 2004, which, insofar as appealable, found that respondents permanently neglected the subject child and denied respondents' motions to vacate their defaults at the dispositional hearing, unanimously affirmed, without costs.

As against respondent mother, the finding of permanent neglect is supported by clear and convincing evidence that notwithstanding petitioner's diligent efforts to schedule visitation and refer her to therapy, and notwithstanding her superficial participation in the programs to which she was referred, she failed to attend a substantial number of visits and gained no insight into the problems that led to the removal of the child (*see Matter of Jowell Lateefra B.*, 271 AD2d 366 [2000], *lv denied* 95 NY2d 760 [2000]). With respect to respondent father, the agency cannot be blamed for the lack of contact, there being clear and convincing evidence that it was unaware of his first incarceration and that he failed to communicate with it during his second incarceration (*see Matter of Sasha R.*, 246 AD2d 1, 5 [1998]; *Matter of Westchester County Dept. of Social Servs. [Terry W.]*, 207 AD2d 496, 497 [1994]). Respondents' motions to vacate the dispositional determination were properly denied for failure

to demonstrate meritorious defenses (*see Matter of Jones*, 128 AD2d 403 [1987]). Nor do they explain why they each waited over two months after their defaults to make a motion to vacate (*see Matter of Baby Girl S.*, 240 AD2d 215 [1997], *lv dismissed* 91 NY2d 887 [1998]). Concur—Buckley, P.J., Andrias, Saxe, Nardelli and Malone, JJ.