■ In the Matter of CIARA LEE C., a Child Alleged to be Permanently Neglected. LOURDES R., Appellant; EPISCOPAL SOCIAL SERVICES et al., Respondents. [888 NYS2d 41]—

Order, Family Court, Bronx County (Allen G. Alpert, J.), entered on or about November 5, 2008, which denied respondent mother's motion to vacate the court's prior order entered on or about August 4, 2008, upon respondent's default, which, upon finding that respondent permanently neglected the subject child, terminated her parental rights and transferred custody and guardianship of the child to the petitioner agency for the purpose of adoption, unanimously affirmed, without costs.

Respondent's vacatur motion was properly denied on the ground that she failed to demonstrate a reasonable excuse for her belated appearance when she was aware of the date for the fact-finding and dispositional hearing almost three months earlier, took no steps to ascertain the time she was required to appear in court, and failed to notify the court or her attorney that she was going to her methadone program before she was

due in court and that she was delayed. The motion was properly denied on the additional ground that respondent failed to demonstrate a meritorious defense to the neglect petition in that she provided no evidence that she was drug-free almost four years after her child was removed due to her drug use (*see Matter of Tanya Alexis G.*, 273 AD2d 19 [2000]).

Clear and convincing evidence established that the agency satisfied its statutory obligation to make diligent efforts to encourage and strengthen the parental relationship by providing appropriate referrals to various programs, scheduling visitation, and encouraging respondent to become drug-free; and that respondent failed to plan for her child's future by failing to complete a drug treatment program after almost four years.

With respect to the termination of her parental rights, respondent failed to present evidence that it was in her child's best interests to be removed from the only home she has known almost since birth, where the record indicates the child is safe, secure and loved. Since her foster mother has expressed a desire to adopt the child, it is not in the child's best interests to wait until respondent makes sufficient progress in addressing her drug problem (*see Matter of Mykle Andrew P.*, 55 AD3d 305 [2008]). Concur—Sweeny, J.P., Buckley, Catterson, Acosta and Freedman, JJ.