■ In the Matter of SHAIANNA MAE F., a Child Alleged to be Permanently Neglected. TSIPORA S., Appellant; THE SALVATION ARMY SOCIAL SERVICES OF GREATER NEW YORK, Respondent. [892 NYS2d 375]—

The finding of permanent neglect was supported by clear and convincing evidence (*see* Social Services Law § 384-b [7] [a]). The record demonstrates that the agency made diligent efforts to encourage and strengthen the parental relationship, including, inter alia, the arrangement of frequent visitation with the child, the referral for individual and group domestic violence therapy sessions, consultation and cooperation with respondent in an attempt to develop a plan for appropriate services for the child, and the provision of counseling services (*see Matter of Imani Elizabeth W.*, 56 AD3d 318 [2008]). Despite these diligent efforts, respondent failed to adequately address the problems that led to the removal of her daughter (*see Matter of Wilfredo A.M.*, 56 AD3d 338 [2008]; *Matter of Tashona Sharmaine A.*, 24 AD3d 135 [2005], *lv denied* 6 NY3d 715 [2006]). Her sporadic and superficial attendance at therapy sessions aimed at addressing her problem with anger management and the dangers created by her relationship with the child's abusive father does not permit a finding that she planned for her child's return (*see Matter of Nathaniel T.*, 67 NY2d 838, 841-842 [1986]; *Matter of Violeta P.*, 45 AD3d 352 [2007]).

A preponderance of the evidence supports the determination that termination of parental rights to facilitate the adoptive process is in the best interests of the child, who is in a stable

and caring environment provided by a foster mother who wishes to adopt her (*see Violeta P.*, 45 AD3d at 353). Concur—Mazzarelli, J.P., Friedman, Nardelli, Renwick and Román, JJ.