In the Matter of CHRISTOPHER V., a Child Alleged to be Permanently Neglected. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JAZMIN V., Appellant. [898 NYS2d 667]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from so much of an order of fact-finding and disposition of the Family Court, Westchester County (Duffy, J.), dated April 28, 2009, as, after a fact-finding hearing, granted the petition on the ground that she permanently neglected the

child, terminated her parental rights to the subject child, and transferred the guardianship and custody of the child to the Westchester County Department of Social Services for the purpose of consenting to his adoption.

Ordered that the order is modified, on the law, by deleting the provision thereof terminating the mother's parental rights to the subject child and transferring guardianship and custody of the child to the Westchester County Department of Social Services for the purpose of consenting to his adoption; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, the finding of permanent neglect remains in effect, and the matter is remitted to the Family Court, Westchester County, for a dispositional hearing in accordance herewith, and a new disposition thereafter.

The petitioner established by clear and convincing evidence that for at least one year after placement of the subject child with an authorized agency, the mother failed to substantially and repeatedly maintain contact with or plan for the future of the child, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b [7] [a]; Matter of Star Leslie W., 63 NY2d 136, 142-143 [1984]; Matter of Angelo D., 61 AD3d 683 [2009]; Matter of Leavon Marvin B., 60 AD3d 941 [2009]; Matter of Aliyanna M., 58 AD3d 853, 853-854 [2009]; Matter of "Female" C., 55 AD3d 603, 604 [2008]).

Contrary to the mother's contention, the Family Court did not err in considering her time at a drug-treatment facility in determining whether she permanently neglected the child. Except for the first 30 days at the drug-treatment facility, the mother was not prevented from visiting with the child or planning for his future. Thus, she was not "institutionalized" or "hospitalized" within the meaning of Social Services Law § 384-b (7) (d) (ii) (see Matter of Regina M. C., 139 AD2d 929, 929-930 [1988]).

However, the Family Court erred in failing to hold a dispositional hearing in the absence of consent of the parties (see Family Ct Act § 625 [a]; Matter of Imani M., 61 AD3d 870, 871 [2009]). Accordingly, the matter must be remitted to the Family Court, Westchester County, for a dispositional hearing to determine the child's best interests and a new disposition thereafter. Rivera, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.