In the Matter of AMIRAH NICOLE A. and Others, Children Alleged to be Permanently Neglected. TAMIKA R., Appellant; SEAMEN'S SOCIETY OF CHILDREN AND FAMILIES et al., Respondents, et al., Respondent. [901 NYS2d 178]—

Order, Family Court, Bronx County (Gayle P. Roberts, J.), entered on or about March 26, 2009, which denied respondent mother's motion to vacate orders of disposition, entered on or about December 12, 2008, which, upon her default, terminated her parental rights to the subject children upon findings of permanent neglect, and committed custody and guardianship of the children to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, affirmed, without costs.

CPLR 5015, governing vacatur of orders granted on default, applies to hearings in Family Court, such as fact-finding and dispositional hearings (*Matter of Geraldine Rose W.*, 196 AD2d 313, 316-317 [1994], *lv dismissed* 84 NY2d 967 [1994]; *Matter of Jones*, 128 AD2d 403, 404 [1987]). To vacate an order issued on default, upon failure to appear at either a fact-finding or

dispositional hearing, the movant on such a motion must establish both a reasonable excuse for the default and a meritorious defense to the allegations asserted (*id.* at 404; *Matter of Calvin S.*, 47 AD3d 491 [2008]; *Matter of Kristen Simone V.*, 30 AD3d 174, 174-175 [2006]; *Matter of Ashley Marie M.*, 287 AD2d 333, 333 [2001]; *Matter of Derrick T.*, 261 AD2d 108, 109 [1999]; *Matter of Danielle R.*, 239 AD2d 305, 305 [1997]; *Matter of Male J.*, 214 AD2d 417, 417 [1995]). Whether movant has in fact made the requisite showing is left to the sound discretion of the Family Court (*Matter of Calvin S.* at 491). Unsubstantiated claims or excuses should be summarily rejected (*Matter of Derrick T.*, 261 AD2d at 109).

In support of her motion to vacate the orders issued upon her default, respondent submitted an affidavit explaining that she was ill "[t]hroughout September and October 2008." She also provided medical documentation showing that she was seen by medical doctors on September 29, 2008 and on October 22, 2008. However, respondent never indicates that her illness actually prevented her from attending the fact-finding and dispositional hearings. More importantly, respondent's medical documentation is silent as to her medical condition on the date of the hearings, thus failing to evince that she was in fact ill on that date. Accordingly respondent fails to substantiate her claim that illness prevented her from attending the hearings and for this reason alone she fails to establish a reasonable excuse for her default (*Matter of Menesha B.*, 306 AD2d 22 [2003]; *Matter of Monica Irene C.*, 262 AD2d 69, 70 [1999]; *Matter of Danielle R.* at 305; *Matter of Male J.* at 417; *Matter of Jones*, 128 AD2d 403, 404 [1987]).

Additionally, respondent fails to establish a reasonable excuse for her default because she failed to apprise counsel of her nonappearance prior to the hearings and fails to explain the reason for such failure in her motion to vacate her default (*Matter of Ciara Lee C. [Lourdes R.]*, 67 AD3d 437, 437 [2009]; *Matter of Laura Mariela R.*, 302 AD2d 300, 301 [2003]; *Matter of Ashley Marie M.* at 333-334).

Since respondent fails to proffer a reasonable excuse for her default, we need not determine whether she proffered a meritorious defense to the allegations.

We respectfully disagree with the dissent's position because whether this was respondent's first failure to appear or whether petitioners had previously been granted several adjournments is wholly irrelevant to respondent's burden. Moreover, there is no evidence that the Family Court's decision was in any way influenced by its mistaken belief that respondent had a history

of nonappearance. Concur—Mazzarelli, J.P., Sweeny, Moskowitz and Román, JJ.

Manzanet-Daniels, J., dissents in a memorandum as follows: I respectfully dissent. Appellant mother's motion to vacate her default at the fact-finding and dispositional hearings should have been granted. Appellant mother established both a reasonable excuse for the default and a meritorious defense to the action seeking to terminate her parental rights. In an affidavit in support of her motion to vacate, appellant mother averred that she was absent on the date of the scheduled hearing because she was experiencing a medical crisis involving her endocrine system, as well as gastrointestinal distress and neurological indicators. She furnished medical documentation, which showed that she first went to the doctor on September 29, 2008. When her symptoms did not abate, on October 22, 2008, she went to the emergency room at Jamaica Hospital. She was referred to both a neurologist and an endocrinologist. Appellant mother averred that her symptoms had been present throughout September and October 2008. At the time of her motion, in December 2008, her symptoms were under control but she was still undergoing tests to determine the exact medical cause of her illness.

Significantly, the mother's absence was a one-time occurrence, not part of a pattern of absences or unexplained latenesses. The record indicates that the mother was present in court on July 4, 2007, January 3 and March 17, 2008, and only failed to appear on September 10, 2008. Indeed, the matter had been adjourned several times at the request of petitioner agency, which was experiencing difficulty securing the appearance of the caseworker. The record reflects that the Family Court adjourned the matter twice, to January 3, 2008 and to March 17, 2008 (dates on which the mother was present), at the request of petitioner agency. Although appellant neglected to contact the court, agency or her attorney to alert them that she was unable to appear on September 10, 2008, the record supports her explanation that her home phone had been disconnected and that she had limited and at times no cell phone minutes. Appellant's attorney's request for an adjournment was denied and the Family Court proceeded with the fact-finding and dispositional hearings over his objection.

One consideration that cannot be ignored, and which no doubt counted heavily against appellant mother, was the Family Court's erroneous finding that appellant was not present on five prior court dates. This finding is contradicted by the record, which clearly shows that the mother was present in court on

July 24, 2007, January 3, 2008 and March 17, 2008. The May 27 and July 30, 2008 proceedings were attorney conferences at which the mother's appearance was not required. The court's reliance on this erroneous finding was no doubt prejudicial to appellant mother in determining whether a reasonable excuse existed sufficient to excuse her default.

The court accommodated petitioner agency's multiple requests for adjournment, yet afforded appellant mother, whose parental rights were at stake, no similar consideration. Under the circumstances, this constituted an abuse of discretion.

Appellant also demonstrated a meritorious defense. The record does not establish that appellant was noncompliant with her service plan for a period of one year or more, or for 15 out of the most recent 22 months following the date the children came into the agency's care, as required by section 384-b (7) (a) of the Social Services Law. Appellant was in compliance with her service plan from January 2006 through June 2006, at which time the children were trial-discharged to her. While the extent of appellant's compliance with mental health services between July 2006 and January 2007 is unclear, this period still falls short of the statutory requirement. Furthermore, the progress notes introduced into evidence by the agency span the period from October 2005 through October 2006 only. No notes were introduced for the two months preceding the filing of the petition on January 5, 2007. The entries following the August 29, 2006 conference indicate that appellant was participating in mental health services and appeared to be "much improved." She acknowledged that she had suffered a prolonged anxiety attack and breakdown that led to her consequent hospitalization. Appellant was reported to receive "weekly individual psychotherapy and administration of a psychotropic medication regimen."

It has often been remarked that "[t]he general rule with respect to opening defaults in civil actions is not to be applied as rigorously in actions or proceedings involving the custody, care and support of children" (*Matter of Precyse T.*, 13 AD3d 1113, 1113-1114 [2004] [internal quotation marks and citations omitted]). Appellant mother merely requested that the court give her an opportunity to present her case on the merits. This was the least the court could have done, considering the parent-child relationship at stake. I would accordingly reverse to grant the motion to vacate appellant's default, vacate the underlying orders of disposition, and remand the matter to the Family Court for de novo fact-finding and dispositional hearings.