■ In the Matter of ANTHONY P., a Child Alleged to be Permanently Neglected. SHANAE P., Appellant; EPISCOPAL SOCIAL SERVICES, Respondent, et al., Respondent. [922 NYS2d 373]—

Order of disposition, Family Court, New York County (Susan K. Knipps, J.), entered on or about March 2, 2010, which, upon a finding of permanent neglect, terminated respondent mother's parental rights to the subject child and committed the custody and guardianship of the child to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.

The determination that the agency exercised diligent efforts to support reunification of respondent and her child was supported by clear and convincing evidence that the agency provided respondent with a service plan and referrals tailored to her needs, and required her to complete anger management training, parenting skills training, and therapy, among other things. The agency diligently sought to "encourage a meaningful relationship between the parent and child" by scheduling regular supervised visitation, to no avail (*see* Social Services Law 384-b [7] [f]; *Matter of Aliyah Julia N. [Cecelia Lee N.]*, 81 AD3d 519 [2011]).

Clear and convincing evidence supports the determination that respondent permanently neglected the child (*see* Social Services Law § 384-b [7] [a]). Notwithstanding her progress during the relevant statutory period, respondent was convicted of attempted murder and arrested for assaulting the child's father

after attending two anger management programs. Respondent was also arrested for prostitution. This indicates that she has not sufficiently addressed the initial problems, i.e., the criminal and violent tendencies, "that led to [the child's] foster care placement in the first place" (*Matter of Alpacheta C.*, 41 AD3d 285, 285 [2007], *lv denied* 9 NY3d 812 [2007]; *see also Matter of Violeta P.*, 45 AD3d 352 [2007]). Further, the agency amply demonstrated, and respondent conceded, that she regularly missed visits with the child, cancelled at the last minute, arrived late, left early, and failed consistently to cancel or confirm appointments, as required (*see Matter of Aisha C.*, 58 AD3d 471, 472 [2009], *lv denied* 12 NY3d 706 [2009]; *see Matter of Kimberly Carolyn J.*, 37 AD3d 174 [2007], *lv dismissed* 8 NY3d 968 [2007]). Moreover, the record demonstrates less than successful visits.

A preponderance of the evidence demonstrates that the child's best interests are served by terminating respondent's parental rights (*see Matter of Mark Eric R. [Juelle Virginia G.]*, 80 AD3d 518 [2011]). The record shows that the child has been living in a well kept and safe home with a foster mother who has tended to his day-to-day needs since 2008. While respondent argues that she has bonded with the child, there is no presumption that the child's best interest lies in placement with a birth parent, and the record demonstrates that the child shares a stronger bond with his foster mother (*see Matter of Male M.*, 210 AD2d 136 [1994]).

Respondent's request for a suspended judgment is unpreserved and, in any event, unwarranted (*see Matter of Jada Serenity H.*, 60 AD3d 469 [2009]). Concur—Saxe, J.P., Catterson, Acosta, Abdus-Salaam and Román, JJ.