■ In the Matter of ALEXANDER JOHN B. and Another, Children Alleged to be Abandoned. CYNTHIA A., Appellant; CARDINAL McCLOSKEY SERVICES et al., Respondents. [929 NYS2d 589]—

Family Court properly exercised its discretion in denying appellant's motion to vacate the orders terminating her parental rights upon her default because her moving papers failed to demonstrate a reasonable excuse for her absence from the court's May 13, 2009 proceeding and a meritorious defense to the abandonment allegation (*see Matter of Cain Keel L. [Derzerina L.]*, 78 AD3d 541 [2010], *lv dismissed* 16 NY3d 818 [2011]). Appellant offered no evidence substantiating her claim that she was attending to "matters in the criminal court," or showing that she had apprised her counsel, the court, or the agency of her unavailability (*see Matter of Amirah Nicole A. [Tamika R.]*, 73 AD3d 428, 428-429 [2010], *lv dismissed* 15 NY3d 766 [2010]; *Matter of Devon Dupree F.*, 298 AD2d 103 [2002]; *Matter of Laura Mariela R.*, 302 AD2d 300 [2003]). Her explanation that the children's placement in the kinship foster home of her grandmother led her to believe that she would be able to have the children returned to her once she gets her life together inadequately explains why she was unable to attend the hearing.

Appellant also failed to substantiate her defense that she was unable to visit the children during the relevant six-month period because she was in a drug treatment program and her grandmother refused to let her see the children when she was in a better position to care for them (*see Matter of Derrick T.*, 261 AD2d 108 [1999]). The evidence submitted indicates that she started the drug treatment program on October 28, 2009, well after the relevant period of May 28, 2008 through November 28, 2008.

The post-termination change in the children's foster situation does not warrant remitting the matter to Family Court for a new dispositional hearing to consider whether terminating appellant's parental rights is still in the children's best interests (*cf. Matter of Arthur C.*, 66 AD3d 1009 [2009]). Nothing indicates that appellant had completed any of the drug, psychotherapy, and vocational training programs that she began in late 2009 and early 2010, and neither appellant nor the children's attorney has rebutted the agency's contention that appellant has not been in contact with the children for years. That none of appellant's relatives are in a position to adopt the children, and

that the children are currently residing in a non-kinship foster home, does not alone warrant the conclusion that returning them to appellant would serve their best interests.

To the extent appellant appeals from the two orders of disposition, no appeal lies from orders entered on default (*see Matter of Anthony M.W.A. [Micah W.A.]*, 80 AD3d 476 [2011]). Concur—Andrias, J.P., Sweeny, Moskowitz, Richter and Román, JJ.