# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

976

CAF 10-00594

PRESENT: SMITH, J.P., CENTRA, CARNI, GREEN, AND MARTOCHE, JJ.

---

IN THE MATTER OF LASTANZEA L., IVANNA L.,
SAMYA L., DEAJAH L., AND SHAVIONTAE L.

----------------------------------------   MEMORANDUM AND ORDER

ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

LAKESHA L., RESPONDENT-APPELLANT.
(APPEAL NO. 2.)

---

PETER J. DIGIORGIO, JR., UTICA, FOR RESPONDENT-APPELLANT.

JOHN A. HERBOWY, UTICA, FOR PETITIONER-RESPONDENT.

JOHN G. KOSLOSKY, ATTORNEY FOR THE CHILDREN, UTICA, FOR LASTANZEA L.,
IVANNA L., SAMYA L., DEAJAH L., AND SHAVIONTAE L.

---

Appeal from an order of the Family Court, Oneida County (Randal B. Caldwell, J.), entered February 9, 2010 in a proceeding pursuant to Social Services Law § 384-b. The order denied the motion of respondent to vacate a prior order entered upon her default.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, respondent mother appeals from an order entered upon her default that, inter alia, revoked a suspended judgment and terminated her parental rights with respect to the five children who are the subjects of this proceeding. The mother failed to appear at the hearing on the petition seeking revocation of the suspended judgment and, although her attorney was present at the hearing, he did not participate therein. "[I]n light of her [attorney's] election to stand mute," the mother's unexplained failure to appear at the hearing constituted a default (*Matter of Miguel M.-R.B.*, 36 AD3d 613, 614, *lv dismissed* 8 NY3d 957). We therefore dismiss the appeal from the order in appeal No. 1 (*see Matter of Tiara B.* [appeal No. 2], 64 AD3d 1181, 1182).

In appeal No. 2, the mother appeals from an order denying her motion to vacate the order in appeal No. 1 entered upon her default. Family Court properly exercised its discretion in denying the motion. Contrary to the mother's contention, her incarceration at the time of the hearing does not constitute a reasonable excuse for her default because she failed to provide a credible explanation for her failure to advise her attorney, the court or petitioner of her unavailability

(*see Matter of Fa'Shon S.*, 40 AD3d 863; *Matter of Ashley Marie M.*, 287 AD2d 333).  The mother also failed to demonstrate a meritorious defense or to explain her 11-month delay in seeking to vacate the order in appeal No. 1 (*see Matter of Tashona Sharmaine A.*, 24 AD3d 135, *lv denied* 6 NY3d 715; *Ashley Marie M.*, 287 AD2d at 334).

Entered:  September 30, 2011                    Patricia L. Morgan
                                               Clerk of the Court