■ In the Matter of CHRISTOPHER JAMES A., a Child Alleged to be Neglected. ANNE ELIZABETH PIERRE L., Appellant; NEW ALTERNATIVES FOR CHILDREN, INC., Respondent. [935 NYS2d 16]—

Respondent mother's motion to vacate her default was properly denied because she failed to establish a reasonable excuse for her failure to appear for the fact-finding and dispositional hearings and also failed to establish a meritorious defense to the petition to terminate her parental rights (see CPLR 5015 [a] [1]; Matter of Jones, 128 AD2d 403, 404 [1987]). She did not present detailed information or documentation to substantiate her excuse that she was prevented from appearing at the hearings due to her job as a home health aide which required her to accompany a patient to a medical appointment at which she had to wait with the patient for a long time and also due to a delay in public transportation (see Matter of Amirah Nicole A. [Tamika R.], 73 AD3d 428 [2010], lv dismissed 15 NY3d 766 [2010]). In addition, she did not present a reasonable excuse for failing to apprise her counsel of her nonappearance (id.).

Respondent further failed to controvert the allegation of permanent neglect by showing that she had completed all of the required programs, maintained a suitable residence for the child, or obtained a source of income to support the child (see Matter of Shaianna Mae F. [Tsipora S.], 69 AD3d 437 [2010]). In addition, respondent's delay of nearly one year in moving to vacate weighed in favor of denying the motion (see Matter of Tashona Sharmaine A., 24 AD3d 135 [2005], lv denied 6 NY3d 715 [2006]).

Respondent's argument that she was hospitalized for part of the one-year period relevant to the petition is unpreserved for this Court's review (see Matter of Anthony P. [Shanae P.], 84 AD3d 510, 511 [2011]). As an alternative holding, we reject this argument on the merits (cf. Matter of Christopher V. [Jazmin V.], 72 AD3d 980, 981 [2010]). Concur—Saxe, J.P., Sweeny, Acosta, DeGrasse and Abdus-Salaam, JJ.