■ In the Matter of ASHLEY R. and Others, Children Alleged to be Permanently Neglected. LATARSHA R., Appellant; CATHOLIC GUARDIANSHIP SOCIETY AND HOME BUREAU, Respondent. [962 NYS2d 71]—

Orders of fact-finding and disposition, Family Court, Bronx County (Jane Pearl, J.), entered on or about April 21, 2011, which, to the extent appealable, upon a finding of permanent

neglect as to the five subject children, terminated respondent mother's parental rights to three of the children, Treyvaughn, Anthony, and Alexis, and transferred custody of those children to petitioner agency Catholic Guardianship Society and Home Bureau for the purpose of adoption, unanimously affirmed, without costs. Appeal from that portion of the orders which granted a suspended judgment with respect to the other two children, Ashley and Jayquan, unanimously dismissed, without costs.

Petitioner agency met its burden of establishing, by clear and convincing evidence that all five of the subject children were permanently neglected (see Social Services Law § 384-b [7] [a]). Petitioner made diligent efforts to strengthen and encourage the parent-children relationship by, among other things, scheduling and facilitating visitation with the children and referring respondent for various parenting programs and mental health services (see e.g. Matter of Sheila G., 61 NY2d 368, 381 [1984]; Matter of O. Children, 128 AD2d 460, 464 [1st Dept 1987]). Despite such efforts, respondent did not seem to improve or gain insight into the children's care or the reasons for their placement in foster care (see Matter of Irene C. [Reina M.], 68 AD3d 416 [1st Dept 2009]).

In addition, respondent's visitation with the children remained consistently poor. During the majority of the supervised visits, respondent was unable to control the children's behavior, the visits erupted into violence and respondent failed to engage or bond with the children. Moreover, respondent could not handle the children during the few unsupervised, overnight visits, and, on at least one occasion, one child returned from an extended visit with visible bruises and welts (see Matter of Toshea C.J., 62 AD3d 587, 587 [1st Dept 2009]).

As to Anthony, Alexis and Treyvaughn, a preponderance of the evidence supported the determination that it was in their best interests to terminate respondent's parental rights and free them for adoption by their foster parents, who wish to adopt them, have provided a loving and stable home for all three children, and have met the children's special needs (see Matter of Anthony P. [Shanae P.], 84 AD3d 510, 511 [1st Dept 2011]; Matter of Racquel Olivia M., 37 AD3d 279, 280 [1st Dept 2007]).

The appeal from that portion of the orders granting a one-year suspended judgment with respect to Ashley R. and Jayquan R., is moot since the term has expired (see Matter of Jonathan F., 3 AD3d 336 [1st Dept 2004]). Concur—Friedman, J.P., Saxe, Moskowitz, DeGrasse and Román, JJ.