In the Matter of LENEA'JAH F. and Another, Children Alleged to be Permanently Neglected. MAKEBA T.S., Appellant; ABBOTT HOUSE, Respondent. [963 NYS2d 105]—

Order, Family Court, New York County (Jody Adams, J.), entered on or about April 13, 2012, which denied respondent's motion to vacate orders of disposition entered on or about April 2, 2012, upon her default, terminating her parental rights to the subject children on the ground of permanent neglect, and committing the custody and guardianship of the children to the Commissioner of Social Services of the City of New York and petitioner agency for the purpose of adoption, unanimously affirmed, without costs. Appeal from aforesaid orders of disposition, unanimously dismissed, without costs, as taken from nonappealable papers.

Respondent failed to demonstrate a reasonable excuse for her absence from the proceeding and a meritorious defense to the allegation of permanent neglect (*see Matter of Alexander John B. [Cynthia A.]*, 87 AD3d 927 [2011], *lv dismissed in part, denied in part* 18 NY3d 917 [2012]). Her sole submission was an affirmation by her counsel, who did not have personal knowledge of the facts. Counsel stated that respondent did not have the money to pay for transportation to the hearing, but she did not

explain respondent's failure to notify either her attorney or the court that she was unable to appear (*see Matter of Isaac Howard M. [Fatima M.]*, 90 AD3d 559, 560 [1st Dept 2011], *lv dismissed in part, denied in part* 18 NY3d 975 [2012]).

Counsel stated that respondent would have testified that she lacked medical insurance and financial resources to plan for the children (*see* Social Services Law § 384-b [7] [a]). This general, unsubstantiated statement is insufficient to establish a meritorious defense. Respondent failed to show that petitioner made no effort to help her with her drug addiction, or that she remained drug-free, cooperated with drug testing or regularly attended therapy (*see* Social Services Law § 384-b [7] [c]; *Matter of Destiny S. [Hilda S.]*, 79 AD3d 666 [1st Dept 2010], *lv denied* 16 NY3d 709 [2011]).

Contrary to respondent's contention, her attorney's refusal to participate in the fact-finding hearing in her absence did not deprive her of effective representation; it preserved her opportunity to seek to open the default (*see Matter of Male J.*, 214 AD2d 417, 417 [1st Dept 1995]). Concur—Andrias, J.P., Moskowitz, Freedman and Manzanet-Daniels, JJ.