Order, Family Court, Bronx County (Jane Pearl, J.), entered on or about January 29, 2013, which, upon a fact-finding determination that respondent mother permanently neglected the subject child, terminated respondent’s parental rights and committed the care and custody of the child to petitioner and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
The finding that respondent permanently neglected the child is supported by clear and convincing evidence (see Social Services Law § 384-b [3] [g] [i]; [4] [d]; [7] [a]). The record shows that the agency exercised diligent efforts to encourage and strengthen the parental relationship by arranging for frequent visitation, referring respondent for mental health counseling, anger management, and parenting skills for children with special needs, and developing a plan for appropriate services for the child, and that nevertheless respondent failed to compete her service plan within the statutorily relevant time frame (see Matter of Danielle Nevaeha S.E. [Crystal Delores M.], 107 AD3d 527, 528 [1st Dept 2013]; Matter of Shaianna Mae F. [Tsipora S.], 69 AD3d 437 [1st Dept 2010]). Although she completed many of the services after the petition was filed, respondent failed to gain insight into her parenting problems, to understand her daughter’s special needs or to demonstrate that she had the ability to care for the child (see Matter of Janell J. [Shanequa J.], 88 AD3d 512 [1st Dept 2011]). Respondent also failed to attend a majority of the child’s medical appointments although the agency invited her to attend, and she was unable to have positive interaction with the child during her visits. In any event, the visitation does not preclude a finding of permanent neglect, in view of respondent’s failure to plan for the child’s future (see Matter of Jonathan Jose T., 44 AD3d 508, 508-509 [1st Dept 2007]).
Respondent’s request for a suspended judgment is improperly raised for the first time on appeal (see Matter of Jules S. [Julio *472 S.], 96 AD3d 448 [1st Dept 2012], lv denied 19 NY3d 814 [2012]). In any event, a preponderance of the evidence supports the determination that it was in the child’s best interests to be freed for adoption by the termination of respondent’s parental rights (see Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). The child has resided with her foster parents since she was five days old, and has bonded with them, and the foster parents wish to adopt her and are capable of handling her myriad special needs (see Matter of Fernando Alexander B. [Simone Anita W.], 85 AD3d 658 [1st Dept 2011]). Respondent failed to demonstrate that she could ensure that the child’s special needs would be met. Concur — Tom, J.E, Friedman, Acosta, Moskowitz and Gische, JJ.