Order, Family Court, New York County (Clark V Richardson, J.), entered on or about April 22, 2013, which denied respondent mother’s motion to vacate a fact-finding order of the same court and Judge, entered on or about November 13, 2012, which, upon the mother’s default in appearing, determined that she had neglected the subject children, unanimously affirmed, without costs.
The court properly determined that appellant mother failed to demonstrate a reasonable excuse for her failure to appear at the fact-finding hearing or a meritorious defense to the allegations of educational and medical neglect (see Matter of Amirah Nicole A. [Tamika R.], 73 AD3d 428, 428-429 [1st Dept 2010], lv dismissed 15 NY3d 766 [2010]). The mother stated, without specificity, that she encountered “unforeseen problems” in her transportation to the airport, which delayed her arrival and resulted in her missing her flight from South Carolina to New York in time to be present at the hearing. However, her reloca *576 tion to South Carolina with the children violated the terms of the court’s prior parole order, and, due to her cryptic account of the delay, the court could not assess whether the problems were foreseeable or beyond her control (see Matter of Christopher James A. [Anne Elizabeth Pierre L.], 90 AD3d 515 [1st Dept 2011], lv dismissed 18 NY3d 918 [2012]).
Even if appellant had established a reasonable excuse for the default, she failed to present a detailed and specific defense to the neglect claims. Appellant did not deny that her older child, who has developmental delays resulting from a brain injury, missed 100 out of 128 school days, and that he was unable to receive the services he required for his special needs because they were provided at school. Appellant also did not deny that she refused entry to her apartment to medical personnel charged with monitoring the child’s condition and administering his medication.
The evidence established that appellant’s younger child also missed a significant amount of school without any explanation for his absences, supporting the finding of educational neglect (see Matter of Aliyah B. [Denise J.], 87 AD3d 943, 943-944 [1st Dept 2011]).
Concur — Gonzalez, EJ., Mazzarelli, Renwick, Feinman and Gische, JJ.