Matter of Pamela N. v Aaron A. (2018 NY Slip Op 01438)





Matter of Pamela N. v Aaron A.


2018 NY Slip Op 01438


Decided on March 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2018

Friedman, J.P., Tom, Webber, Kern, JJ.


5903A 5903

[*1] In re Pamela N., Petitioner-Respondent,
v
Aaron A., Respondent-Appellant.


Carol L. Kahn, New York, for appellant.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for the child.



Order, Family Court, Bronx County (Carol R. Sherman, J.), entered on or about April 20, 2016, which, after a hearing, granted petitioner mother's motion for temporary emergency jurisdiction in New York under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), Domestic Relations Law § 76-c, and granted her a temporary order of custody of the subject child and a temporary order of protection against respondent father based on findings that he committed acts of domestic violence against the mother and child, unanimously affirmed, without costs. Order, same court and Judge, entered on or about November 28, 2016, denying the father's motion to vacate an order, same court and Judge, entered on or about June 27, 2016, which, upon his default, granted the mother a final order of custody of the subject child and an order of protection, unanimously affirmed, without costs.
While the ultimate dispositional order was entered on default, the fact-finding order was not, inasmuch as the father's counsel actively participated and the court drew a negative inference from the father's failure to testify rather than continuing the hearing as an inquest (compare Matter of Iyana W.[Shamark W.], 124 AD3d 418 [1st Dept 2015]). Thus, the appeal from the order of fact-finding is properly taken. The father's challenge to the court's exercise of emergency jurisdiction is unavailing, however. In light of the mother's testimony and documentary evidence, including prior neglect findings against the father showing the father's violent behavior toward her, the child and his older children, as well as his failure to testify or offer evidence in his defense, the record supports the finding that there was imminent risk under Domestic Relations Law § 76-c of the child returning to a home where abuse or neglect occurred (see Matter of Bridget Y. [Kenneth M.Y.], 92 AD3d 77 [4th Dept 2011], appeal dismissed 19 NY3d 845 [2012]).
The father's motion to vacate his default at the dispositional hearing was properly denied, since he failed to provide any evidence in support of his claim that he was financially unable to appear in Family Court (see e.g. Matter of Christopher James A. [Anne Elizabeth Pierre L.], 90 AD3d 515 [1st Dept 2011], lv denied 18 NY3d 918 [2012]; Matter of Isaiha M. [Atavia M.], 115 AD3d 575 [1st Dept 2014]). He never called his counsel or the court to advise that he would not appear, and failed to appear on dates of which he had advance notice and had requested (see Matter of Ilyas Zaire A.-R. (Habiba A.-R.), 104 AD3d 512 [1st Dept 2013], lv denied 21 NY3d 859 [2013]). It is further noted that the father had funds to travel to New York on prior occasions (see Matter of Cornelius G., 2 AD3d 283 [1st Dept 2003], lv dismissed 2 NY3d 759 [2004]).
The father also failed to set forth a meritorious defense. Contrary to his argument, he failed to avail himself of multiple opportunities to testify or submit evidence on his behalf (see Matter of Amirah Nicole A. [Tamika R.], 73 AD3d 428, 428 [1st Dept 2010], lv dismissed 15 NY3d 766 [2010]). Absent a showing of exceptional circumstances, the court in its discretion properly denied the father's request to testify by videoconference (Matter of State of New York v [*2]Robert F., 25 NY3d 448 [2015]). Nor is there support for the father's argument that the mother was attempting to avoid jurisdiction in North Carolina.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 6, 2018
CLERK