Matter of Michael P. (2018 NY Slip Op 06856)





Matter of Michael P.


2018 NY Slip Op 06856


Decided on October 16, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2018

Renwick, J.P., Tom, Gesmer, Singh, JJ.


7334

[*1]In re Michael P., Dependent Children Under the Age of Eighteen Years, etc., Michael P., Respondent-Appellant, Edwin Gould Services for Children and Families, Petitioner-Respondent.


Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
John R. Eyerman, New York, for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (John A. Newbery of counsel), attorney for the child.



Order, Family Court, New York County (Emily M. Olshansky, J.), entered on or about June 9, 2016, which denied respondent's motion to vacate an order of fact-finding and disposition, entered on or about April 1, 2016, which, upon his default in appearing and following an inquest, terminated his parental rights on the ground of permanent neglect, and transferred custody and guardianship to petitioner agency and the Commissioner of the Administration for Children's Services for purposes of adoption, unanimously affirmed, without costs.
Family Court properly denied the father's motion to vacate his default because he failed to demonstrate a reasonable excuse for his absence from the proceeding and a meritorious defense to the petition to terminate his parental rights (see Matter of Lenea'jah F. [Makeba T.S.], 105 AD3d 514 [1st Dept 2013]; Matter of Christopher James A. [Anne Elizabeth Pierre L.], 90 AD3d 515 [1st Dept 2011], lv denied 18 NY3d 918 [2012]). The father had been made aware of the date of the fact-finding hearing, which was scheduled to start in the morning, but claimed that he instead went to the agency for monthly visitation with the child, even though the visit was scheduled for the late afternoon and he had not visited the child for several months. Especially in light of the father's history of failing to appear for court dates, his excuse for failing to appear was not reasonable.
Since the father failed to demonstrate a reasonable excuse for his default, this Court need not reach the issue of whether he presented a meritorious defense (see Matter of Serenity Victoria M. [Allison B.], 150 AD3d 486 [1st Dept 2017]; Matter of Lenea'jah F., 105 AD3d at 514). In any event, arguing generally that he did not have a permanent address or telephone service, the father failed to demonstrate a meritorious defense or to submit any evidence to rebut the agency's showing that he had failed to comply with services, stay in contact with the agency and visit the child consistently, or that he otherwise was presently and for the foreseeable future able to provide proper and adequate care for the subject child (see Social Services Law § 384-b[4][c]; Matter of Lenea'jah F., 105 AD3d at 515).
Evidence submitted at inquest supports the finding that termination of the father's parental rights was in the child's best interest so that he may be freed to be adopted since he was being well cared for in a pre-adoptive foster home where his needs were being met, and he did not want contact with the father (see e.g. Matter of Nehemiah B. [Christina B.], 160 AD3d 534 [*2][1st Dept 2018]).
We have considered the father's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 16, 2018
CLERK