Matter of Roberto O. (Lakeysha H.) (2018 NY Slip Op 07662)





Matter of Roberto O. (Lakeysha H.)


2018 NY Slip Op 07662


Decided on November 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2018

Sweeny, J.P., Manzanet-Daniels, Gische, Gesmer, Singh, JJ.


7584

[*1]In re Roberto O., A Child Under Eighteen Years of Age, etc., Lakeysha H., Respondent-Appellant, The Children's Aid Society, Petitioner-Respondent.


Geoffrey P. Berman, Larchmont, for appellant.
Law Offices of James M. Abramson, PLLC, New York (James M. Abramson of counsel), for respondent.
Tamara A. Steckler, The Legal Aid Society, New York (Judith Stern of counsel), attorney for the child.



Order, Family Court, Bronx County (Sarah P. Cooper, J.), entered on or about July 31, 2017, which denied respondent- mother's motion to vacate an order of fact-finding and disposition (one paper), same court and Judge, entered upon her default on or about July 22, 2016, terminating her parental rights to the subject child on the ground of permanent neglect and committing his custody and guardianship to petitioner agency The Children's Aid Society and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
The Family Court properly denied respondent's motion to vacate her default, because her moving papers failed to demonstrate a reasonable excuse for her absence from the fact-finding hearing and a meritorious defense to the permanent neglect petition (see CPLR 5015[a][1]; Matter of Christopher James A. [Anne Elizabeth Pierre L.], 90 AD3d 515 [1st Dept 2011], lv denied 18 NY3d 918 [2012]). Respondent's assertion that she missed the fact-finding hearing because she did not know when it was scheduled to commence was not a reasonable excuse for her failure to appear due to the fact that it is undisputed that she, her counsel and an ASL interpreter were present when the date for the hearing was selected. In addition, she presented no evidence as to what measures she took to ensure that she was kept apprised as to when the hearing would commence by contacting her counsel, her guardian ad litem, the court or petitioner agency (see Matter of Yadori Marie F. [Osvaldo F.], 111 AD3d 418, 419 [1st Dept 2013], citing Matter of Giovanni Maurice D. [Wilner B.], 99 AD3d 631 [1st Dept 2012]).
We find that respondent failed to controvert the allegation that she permanently neglected the child by failing to establish that she complied with her service plan by completing a parenting class, a mental health evaluation and consistently visiting the child within the relevant one-year period. Moreover, the fact that respondent waited about 11 months before moving to vacate the findings of permanent neglect and that the court found that it was in the child's best interests to free him for adoption weighed in favor of denying the motion (see Matter of Nasir Levon L. [Ashley Bernadette B.], 110 AD3d 565 [1st Dept 2013], lv denied 22 NY3d 1099 [2014]; Matter of Tashona Sharmaine A., 24 AD3d 135, 136 [1st Dept 2005], lv denied 6 NY3d 715 [2006]). Respondent also failed to establish a meritorious defense to the permanent neglect petition since [*2]she made only a conclusory statement that she would present evidence that the agency never made diligent efforts and that the services she had been asked to complete for reunification with the child were unnecessary (see Matter of Sean Michael N. (Lydia T.-Shawn N.), 106 AD3d 561 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 13, 2018
CLERK