Matter of Williams v Davis (2020 NY Slip Op 00777)





Matter of Williams v Davis


2020 NY Slip Op 00777


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, TROUTMAN, AND BANNISTER, JJ.


1271 CAF 18-01723

[*1]IN THE MATTER OF RAY WILLIAMS, PETITIONER-APPELLANT,
v
VIRGINIA DAVIS, RESPONDENT-RESPONDENT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DANIELLE K. BLACKABY OF COUNSEL), FOR PETITIONER-APPELLANT. 
LAURA ESTELA CARDONA, EAST SYRACUSE, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Onondaga County (Salvatore Pavone, R.), entered August 22, 2018 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded respondent sole legal and physical custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the following memorandum: Petitioner father appeals from an order that, inter alia, awarded respondent mother sole legal and physical custody of the subject child, with supervised visitation with the father as mutually agreed by the parties. During an appearance at which Family Court specifically stated that it was not "making any findings" and that it would make findings only after a future hearing, the father apparently grew frustrated with the proceedings and walked out of court. As the father was leaving, the court warned him that it would issue a permanent order in his absence. Thereafter, the court proceeded to hold a hearing, take testimony from the mother, and issue its determination on custody and visitation.
"It is axiomatic that custody determinations should [g]enerally be made only after a full and plenary hearing and inquiry . . . This general rule furthers the substantial interest, shared by the State, the children, and the parents, in ensuring that custody proceedings generate a just and enduring result that, above all else, serves the best interest[s] of the child[ren]" (Matter of King v King, 145 AD3d 1613, 1614 [4th Dept 2016] [internal quotation marks omitted]). Indeed, custody determinations "require a careful and comprehensive evaluation of the material facts and circumstances in order to permit the court to ascertain the optimal result for the child. The value of a plenary hearing is particularly pronounced in custody cases in light of the subjective factors—such as the credibility and sincerity of the witnesses, and the character and temperament of the parents—that are often critical to the court's determination" (S.L. v J.R., 27 NY3d 558, 563 [2016]).
While we do not condone his behavior, we agree with the father that, under the circumstances of this case, the court erred in granting the mother custody of the subject child in the absence of adequate notice to the father of a hearing to determine the best interests of the child (cf. Matter of Amy Lynn T., 217 AD2d 974, 975 [4th Dept 1995]). We therefore reverse the order and remit the matter to Family Court for a new hearing on custody and visitation.
In light of our determination, we do not reach the father's remaining contentions.
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court