Matter of K.C. (K.M.) (2026 NY Slip Op 00577)

Matter of K.C. (K.M.)

2026 NY Slip Op 00577

Decided on February 05, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 05, 2026

Before: Manzanet-Daniels, J.P., González, Shulman, Pitt-Burke, Chan, JJ. 

Docket No. B-37293/23 B-20042-17|Appeal No. 5757|Case No. 2025-03865|

[*1]In the Matter of K.C., A Child Under the Age of Eighteen Years, etc., Catholic Guardian Services, Petitioner-Respondent, K.M., Respondent-Appellant. 

Andrew J. Baer, New York, for appellant.
Catholic Guardian Services, Bronx (Ana Torres of counsel), for respondent.
Deborah D. Clegg, Croton Falls, attorney for the child.

Order, Family Court, Bronx County (Alison M. Hamanjian, J.), entered on or about June 16, 2025, which denied respondent mother's motion to vacate an order of fact-finding and disposition, same court (Sarah P. Cooper, J.), entered on or about June 5, 2024, upon her default, which, upon a finding of permanent neglect after an inquest, terminated respondent's parental rights to the child, and committed his guardianship and custody to The Commissioner of the Administration of Children Services of the City of New York and petitioner Catholic Guardian Services (the agency) for the purpose of adoption, unanimously affirmed, without costs.
Family Court providently exercised its discretion in denying the mother's motion to vacate her default (see Matter of Noah Martin Benjamin L. [Frajon B.], 139 AD3d 593, 593 [1st Dept 2016]). The mother did not explain why she failed to appear at the fact-finding hearing commenced on May 16, 2024 despite having notice of the hearing, and her explanation that she did not appear on June 3, 2024, because she "overslept" and was "extremely scared" of encountering the child's paternal great aunt was not a reasonable excuse for her default. Even accepting that she feared for her safety, the mother offered no evidence that she made any effort to apprise her counsel, the agency, the attorney for the child, or Family Court of her concerns before she defaulted (see Matter of Octavia Loretta R. [Randy McN.-Keisha W.], 93 AD3d 537, 538 [1st Dept 2012]). Furthermore, the mother failed to explain why it took over two months to contact her attorney to attempt to vacate her default (see Matter of Paul G.D.H. [Yvonne H.], 147 AD3d 699, 699 [1st Dept 2017]).
Because the mother failed to proffer a reasonable excuse for her default, this Court need not determine whether she has a meritorious defense (see Matter of Serenity Victoria M. [Allison B.], 150 AD3d 486, 486 [1st Dept 2017]). In any event, clear and convincing evidence supports the conclusion that the mother permanently neglected the child despite the agency's diligent efforts to assist her in reunifying with the child (see Social Services Law § 384-b[3][g][i], [7][a]; Matter of Star Leslie W., 63 NY2d 136, 142 [1984]). These efforts included encouraging the mother to maintain contact with the agency and regularly visit the child, scheduling regular visitation, repeatedly explaining the importance of complying with her service plan, and providing her with carfare to travel to and from her drug screenings (see Social Services Law§ 384-b[7][f]; Matter of Essence T.W. [Destinee R.W.], 139 AD3d 403, 404 [1st Dept 2016]; Matter of Shaianna Mae F. [Tsipora S.], 69 AD3d 437, 437 [1st Dept 2010]).
The mother failed to controvert the allegation of permanent neglect by showing that she complied with her service plan, consistently visited the child within the relevant one-year period, and was able to provide proper and adequate care for the child presently and in the foreseeable future (see Matter of Christopher James A. [Anne Elizabeth Pierre L.], 90 AD3d 515, 515 [1st Dept 2011], lv denied 18 NY3d 918 [2012]). Notably, the mother refused to follow up on the agency's referrals to Safe Horizon when she reported the father's domestic violence.
The case planner's testimony that the mother visited the child twice out of the 52 scheduled visits between February 2022 and March 2023 was supported by the agency's progress notes and was sufficient to establish the mother's failure to regularly visit the child, thus failing to plan for the child's future (see Matter of Christian D. [Marian R.], 157 AD3d 599, 599-600 [1st Dept 2018], lv denied 31 NY3d 904 [2018]). The court also properly drew a negative inference against the mother for failing to testify (see Matter of Alaura C.N. [Iyonna P.], 214 AD3d 539, 540 [1st Dept 2023]).
A preponderance of the evidence supports the determination that it was in the child's best interest to terminate the mother's parental rights, as he was being well cared for in a preadoptive foster home where his special needs were being met (see Matter of Michael P., 165 AD3d 497, 498 [1st Dept 2018], lv dismissed 32 NY3d 1135 [2019]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 5, 2026