■ In the Matter of Gloria Marie S. and Another, Children Alleged to be Abandoned. Alex S., Appellant; Leake & Watts Services, Inc., Respondent, et al., Respondent. [865 NYS2d 68]—

Orders, Family Court, Bronx County (Allen Alpert, J.), entered on or about May 2, 2007, which denied respondent father Alex S.'s motion to vacate a prior dispositional order entered on or about July 11, 2006, which, upon his default in appearing at the underlying fact-finding and dispositional hearings, terminated his parental rights to the subject children on the ground of abandonment and committed their custody to petitioner and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.

Appellant's motion to vacate his default was properly denied because he failed to present a reasonable excuse for his failure to appear for the fact-finding and dispositional hearings and a meritorious defense to the petition to terminate his parental rights (*Matter of Robert B. v Tina Q.*, 40 AD3d 473 [2007]). The proffered excuse was that he had also missed a prior appearance on May 2, 2006, at which the July 11 date was set, and neither his attorney nor the court notified him of the adjourned date. His reason for failing to attend the May 2 court date, of which he concededly had notice—lack of funds for travel from Brooklyn to the Bronx—is unsubstantiated and thus insufficient as a reasonable excuse for vacating a default (*Matter of Cornelius G.*, 2 AD3d 283 [2003], *lv dismissed* 2 NY3d 759 [2004]). Even if lack of funds had been the true reason for his failure to appear on May 2, 2006, he provided no reason why he did not advise either his lawyer, the court or the petitioning agency of his inability to attend (*see Matter of Damian Richard A.*, 49 AD3d 458 [2008]). Appellant's additional contentions that his attorney lost contact with him following the May 2 court date and thus was unable to notify him of the July 11 adjournment

date, that he was homeless as of May 2006, and that because he had received a slip from the court notifying him of an appearance date in the related neglect proceeding scheduled for July 27, 2006, he assumed that the next court date for the termination proceeding would be that date as well, are equally unpersuasive.

Assuming appellant had offered a reasonable excuse for his failure to attend the July 11, 2006 proceedings, he nonetheless failed to make the requisite showing that he possessed a meritorious defense to warrant vacatur of his default. His affidavit in support of vacatur instead contains generalized and conclusory statements to the effect that he has "never abandoned [his] children," that he has been "trying to do what was asked of" him by petitioner "from the time [his] children were placed" in the agency's care, that he has "attended therapy [and] parenting skills" classes, and that he has "visited [his] children whenever possible," even though the agency's "caseworkers made it clear to [him] that they did not want [him] to attend visits at the agency . . . treat[ing him] with contempt whenever [he] saw them." These bare allegations, devoid of any detail or substantiation, are insufficient to establish a meritorious defense to the allegation of abandonment (see Matter of Violet Crystal F., 270 AD2d 163 [2000]; see generally Peacock v Kalikow, 239 AD2d 188, 190 [1997]). In contrast, the evidence adduced at the fact-finding hearing demonstrated that appellant's three contacts with the children within the six-month period preceding the filing of the petition were insubstantial and supported a finding of abandonment under Social Services Law § 384-b (4) (b); (5) (a) (Matter of Candice K., 245 AD2d 821, 822 [1997]).

We have considered appellant's remaining contentions and find them unavailing. Concur—Lippman, P.J., Gonzalez, Sweeny, Catterson and DeGrasse, JJ.