■ In the Matter of Shavenon N., a Child Alleged to be Neglected. Miledy L.N., Also Known as Jasmin Miledy L., Appellant; Administration for Children's Services, Respondent, et al., Respondent. [895 NYS2d 409]—

Order, Family Court, Bronx County (Carol A. Stokinger, J.), entered January 8, 2009, which, insofar as it denied respondent mother's motion to vacate a dispositional order, same court and Judge, entered on or about September 17, 2008, following an inquest upon her default in appearing at the fact-finding and dispositional hearings, which found that respondent had derivatively neglected the child and committed his custody to the Commissioner of Social Services until completion of the next permanency hearing, unanimously affirmed, without costs.

The Family Court properly exercised its discretion in denying the mother's motion to vacate her default in appearing on September 17, 2008 as she failed to demonstrate a reasonable excuse for the default and a meritorious defense to the neglect cause of action (*see* CPLR 5015 [a] [1]; *Matter of Robert B. v Tina Q.*, 40 AD3d 473 [2007]).

The mother's purported reliance on an adjourn slip for September 19, 2008, was unreasonable given her appearance in court on March 28, 2008 and July 21, 2008, at which time the September 17 date was selected and confirmed. Even if the photocopy of the adjourn slip annexed to the motion were authentic and caused confusion, it was at odds with the selected and confirmed court dates and the mother should have clarified any resulting confusion, especially where she had used the same excuse in connection with an earlier failure to appear (*see Matter of Nicholas S.*, 46 AD3d 830 [2007]; *Matter of Christian T.*, 12 AD3d 613 [2004]). Further, the mother's unsubstantiated and conclusory assertion of partial compliance with a dispositional order entered in neglect proceedings as to her two older children and bald claim that compliance with other aspects of the dispositional order were no longer necessary at the time of the subject child's birth, are insufficient to establish a meritorious defense to the claim of derivative neglect (*see Matter of Gloria Marie S.*, 55 AD3d 320 [2008], *lv dismissed* 11 NY3d 909 [2009]; *Matter of Kimberly Carolyn J.*, 37 AD3d 174 [2007], *lv dismissed* 8 NY3d 968 [2007]). Concur—Gonzalez, P.J., Saxe, McGuire, Acosta and Abdus-Salaam, JJ.