■ In the Matter of CAIN KEEL L. and Another, Infants. DERZERINA L., Appellant; THE NEW YORK FOUNDLING HOSPITAL, Respondent. [911 NYS2d 335]—

Order, Family Court, Bronx County (Allen Alpert, J.), entered on or about June 17, 2009, which denied appellant mother's motion to vacate two orders of disposition of the same court and Judge, entered on or about March 11, 2009, upon appellant's default, terminating her parental rights to her children on the ground of abandonment, unanimously affirmed, without costs.

The court properly exercised its discretion in denying appellant's motion to vacate the orders terminating her parental rights upon her default because her moving papers failed to demonstrate a reasonable excuse for her absence from the court's March 11, 2009 proceeding and a meritorious defense (*see Matter of Amirah Nicole A. [Tamika R.]*, 73 AD3d 428, 428-429 [2010], *lv dismissed* 15 NY3d 766 [2010]; *Matter of Bibianamiet L.-M. [Miledy L.N.]*, 71 AD3d 402 [2010]). Given the fact that appellant failed to appear at two prior Family Court proceedings and that the court notified her attorney that should she fail to appear at the March 11, 2009 hearing, the court would proceed with an inquest, the court acted within its discretion to proceed notwithstanding her guardian ad litem's request for an adjournment (*see Matter of Jones*, 128 AD2d 403 [1987]). Moreover, counsel's bare assertion that as her attorney he would have had the opportunity to cross-examine the agency's witnesses and would have presented evidence countering the allegations of abandonment are insufficient to establish a meritorious defense (*see Matter of Gloria Marie S.*, 55 AD3d 320, 321 [2008], *lv dismissed* 11 NY3d 909 [2009]).

Lastly, appellant's argument that the Family Court lacked jurisdiction to issue a final order because the Cherokee Indian tribe was not given the opportunity to intervene pursuant to the Indian Child Welfare Act of 1978 (ICWA) is without merit. Appellant, as the party asserting the applicability of the ICWA, failed to meet her burden to provide sufficient information to at least put the court or department on notice that the child may be an "Indian child" within the meaning of the ICWA, and that further inquiry is necessary (*In re Trever I.*, 973 A2d 752, 758, 2009 ME 59, ¶ 21 [2009]). Concur—Mazzarelli, J.P., Saxe, McGuire, Freedman and Abdus-Salaam, JJ.