■ In the Matter of EVAN MATTHEW A., a Child Alleged to be Neglected. JOCELYN YVETTE A.; NEW ALTERNATIVES FOR CHILDREN, Respondent. [938 NYS2d 6]—

To vacate a Family Court's order issued on default, upon failure to appear at either a fact-finding or dispositional hearing, the movant must establish both a reasonable excuse for the default and a meritorious defense to the allegations asserted (*see* CPLR 5015 [a] [1]; *Matter of Amirah Nicole A. [Tamika R.]*, 73 AD3d 428 [2010], *lv dismissed* 15 NY3d 766 [2010]). Respondent's purported excuse of illness was properly rejected since she failed to provide any documentation to substantiate her claim, and did not explain why she was unable to contact either the court or her attorney regarding her inability to attend the hearings of which she had notice (*see Matter of Gloria Marie S.*, 55 AD3d 320 [2008], *lv dismissed* 11 NY3d 909 [2009]).

Moreover, respondent did not provide a meritorious defense to the charges of permanent neglect. She proffered only a general claim to have been engaged in her service plan and failed to provide any details or documentation (*see Matter of Christopher James A. (Anne Elizabeth Pierre L.)*, 90 AD3d 515 [2011]). It is undisputed that during the applicable time period, respondent never completed any aspects of her service plan. In addition, respondent never challenged the finding that she failed to consistently visit with the child, which in and of itself, constituted permanent neglect (*see Matter of Aisha C.*, 58 AD3d 471 [2009], *lv denied* 12 NY3d 706 [2009]). Concur—Tom, J.P., Friedman, DeGrasse, Richter and Manzanet-Daniels, JJ.