■ In the Matter of Octavia Loretta R. and Another, Children Alleged to be Neglected. Randy McN., Sr., Appellant; Keisha W., Respondent; Edwin Gould Services for Children and Families et al., Respondents. [941 NYS2d 41]—

Order, Family Court, Bronx County (Gayle P. Roberts, J.), entered on or about January 22, 2010, which denied appellant's motion to vacate two orders of fact-finding and disposition of the same court, entered on September 25, 2008, upon appellant's default, terminating his parental rights to the subject children on the ground of permanent neglect, and committing custody and guardianship of the children to the Commissioner for the Administration for Children's Services of New York City and petitioner agency for the purpose of adoption, unanimously affirmed, without costs, insofar as it concerns Randy McN., Jr.

Appeal from so much of the order as concerned Octavia Loretta R., unanimously dismissed, without costs, as moot.

Family Court properly exercised its discretion in denying appellant's motion to vacate the orders terminating his parental rights upon his default because his moving papers failed to demonstrate a reasonable excuse for his absence from the court's February 5, 2008 proceeding and a meritorious defense to the permanent neglect allegation (*see Matter of Alexander John B. [Cynthia A.]*, 87 AD3d 927 [2011]). Even accepting that appellant was unavailable for that entire day due to a mandatory Department of Housing Preservation and Development program, he offered no evidence showing that he had apprised his counsel, the court, or the agency of his unavailability.

Appellant also failed to establish that he had a meritorious defense to the permanent neglect allegation. He failed to establish that he had not relapsed or that the agency made no effort to help him with his drug addiction, or that he had completed the drug program at the time of the hearings (*see Matter of Isaac Howard M. [Fatima M.]*, 90 AD3d 559 [2011]). He also did not establish that he attended all of the scheduled visits with the children. Nor did he demonstrate that at the time of the dispositional hearing he was ready to care for Randy. Rather, he acknowledged that he had not completed his second drug program and did not have suitable housing.

The appeal insofar as it concerns Octavia is moot since on or about August 10, 2011, the Family Court reopened the dispositional hearing as to Octavia and discharged her to appellant's care on a trial basis, upon all the parties' consent, and she continues to reside with appellant. Concur—Mazzarelli, J.P., Saxe, Renwick, Richter and Abdus-Salaam, JJ.