*452 Respondent failed to demonstrate a reasonable excuse for her default and a meritorious defense to the petition (see CPLR 5015 [a] [1]). Even if respondent was unable to attend the dispositional hearing due to a delay at her methadone clinic, she failed to explain why she could not notify her counsel, the court, or the agency about her alleged inability to appear at the hearing (see Matter of Tyieyanna L. [Twanya McK.], 94 AD3d 494, 494 [1st Dept 2012]). Further, respondent failed to show that the agency did not make diligent efforts to help her with her drug problem (see Social Services Law § 384-b [7] [f] [3]), or that she had completed the drug programs and maintained sobriety during the statutorily relevant period (see § 384-b [7] [a]; Matter of Octavia Loretta R. [Randy McN.-Keisha W.], 93 AD3d 537, 538 [1st Dept 2012]). Nor did she demonstrate that at the time of the dispositional hearing she was ready to care for the child (Matter of Octavia, 93 AD3d at 538).
No appeal lies from the order of disposition entered on default (see Matter of Lisa Marie Ann L. [Melissa L.], 91 AD3d 524, 525 [1st Dept 2012]). Were we to review the order, we would conclude that the finding of permanent neglect was supported by clear and convincing evidence, and that a preponderance of the evidence showed that termination of respondent’s parental rights was in the best interests of the child. Concur — Andrias, J.E, Sweeny, Catterson, Moskowitz and Manzanet-Daniels, JJ.