■ In the Matter of YADORI MARIE F., an Infant. OSVALDO F., Appellant; EDWIN GOULD SERVICES FOR CHILDREN AND FAMILIES, Respondent. [974 NYS2d 71]—

Order, Family Court, New York County (Clark V. Richardson, J.), entered on or about July 31, 2012, which denied respondent's motion to vacate an order of disposition, same court and Judge, entered on or about August 19, 2011, upon his default, inter

alia, terminating his parental rights to the subject child, upon a finding of permanent neglect, unanimously affirmed, without costs.

Respondent failed to demonstrate a reasonable excuse for his failure to appear at the dispositional hearing (*see* CPLR 5015 [a] [1]). His contention that he was confused as to when the dispositional hearings were scheduled is belied by the record, which shows that during both the fact-finding and the dispositional hearings, his counsel told the court that he had spoken with respondent and given him that information. Moreover, there is no evidence that respondent called his attorney, the court or petitioner agency, before or after he defaulted, to inquire about the scheduling of the proceedings (*see Matter of Giovanni Maurice D. [Wilner B.]*, 99 AD3d 631 [1st Dept 2012]).

Since respondent failed to offer a reasonable excuse for his default, we need not determine whether he offered a meritorious defense to the termination of his parental rights (*see Matter of Evan Matthew A. [Jocelyn Yvette A.]*, 91 AD3d 538 [1st Dept 2012]).

In any event, the record supports both the termination of parental rights and the finding of permanent neglect. A preponderance of the evidence shows that it is in the child's best interests to be freed for adoption, since she has resided with the same foster family since she was a toddler and has developed a strong bond with them (*see Matter of Isabella Star G.*, 66 AD3d 536 [1st Dept 2009]). There is no evidence that at the time of the dispositional hearing respondent was ready to care for the child (*see Matter of Octavia Loretta R. [Randy Mc-N.—Keisha W.]*, 93 AD3d 537 [1st Dept 2012]).

As to the neglect finding, the agency demonstrated by clear and convincing evidence that it made the requisite diligent efforts (*see* Social Services Law § 384-b [7] [a]), and respondent failed to show that he had completed a drug and alcohol treatment program within the statutory time period or that he had consistently visited with his daughter after she entered foster care (*see Matter of Evan Matthew A.*, 91 AD3d at 539).

We have considered respondent's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Acosta, Saxe, Richter and Feinman, JJ.