In the Matter of RAYMOND C.M., a Child Alleged to be Permanently Neglected. MARILYN M., Appellant; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent. [19 NYS3d 24]—

Order, Family Court, New York County (Susan K. Knipps, J.), entered on or about March 6, 2014, which denied respondent mother's motion to vacate an order, same court and Judge, entered on or about March 18, 2013, upon her default, which, upon a finding that she had permanently neglected the subject child, terminated her parental rights and committed the custody and guardianship of the child jointly to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.

Respondent failed to meet her burden on moving to vacate to demonstrate both a reasonable excuse for her default in appearing for the fact-finding and dispositional hearings and a meritorious defense to the petition to terminate her parental rights (*see Matter of Evan Matthew A. [Jocelyn Yvette A.]*, 91 AD3d 538 [1st Dept 2012]). Her excuse that she was ill on the dates of the hearings is unsubstantiated (*see Matter of Julian Michael G. [Jeannette G.]*, 94 AD3d 573 [1st Dept 2012]). Moreover, respondent did not show that she made any effort to

apprise her attorney, petitioner agency, the court, or any other party of her inability to attend (*see Matter of Octavia Loretta R. [Randy McN.—Keisha W.]*, 93 AD3d 537, 538 [1st Dept 2012]).

In view of the foregoing, we need not consider whether respondent demonstrated a meritorious defense. Were we to consider it, we would find that her argument that petitioner failed to show the required diligence under Social Services Law § 384-b (7) (f) is unpreserved and in any event belied by the record. Petitioner provided respondent with multiple counseling services and scheduled visitation with the subject child, thereby satisfying its statutory duty. It was relieved of its obligation to make diligent efforts after respondent failed for a period of six months to keep it aware of her location (Social Services Law § 384-b [7] [e] [i]) and failed to complete the programs in her service plan (*Matter of Tyieyanna L. [Twanya McK.]*, 94 AD3d 494, 495 [1st Dept 2012]). Concur—Friedman, J.P., Sweeny, Saxe, Moskowitz and Gische, JJ.