■ In the Matter of STEPHANIE F. and Another, Children Alleged to be Abused. FRANCY JAVIER A., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [19 NYS3d 275]—

Order, Family Court, Bronx County (Robert Hettleman, J.), entered on or about November 20, 2014, which denied respondent's motion to vacate an order of fact-finding and disposition entered upon his default, unanimously affirmed, without costs.

Even if the Family Court should have considered respondent's motion under Family Court Act § 1042, as opposed to CPLR 5015 (a) (1), it properly denied the motion because respondent failed to present a meritorious defense to the abuse petition (*see* Family Ct Act § 1042; *see also Matter of Rodney W. v Josephine F.*, 126 AD3d 605, 606 [1st Dept 2015], *lv dismissed* 25 NY3d 1187 [2015]). The findings of abuse and derivative abuse were supported by, among other things, the teenage child's detailed testimony of multiple instances of sexual abuse, which was corroborated by medical records showing that she gave consistent reports to a social worker and that she suffered symptoms of trauma. In support of the motion to vacate, respondent submitted a conclusory affidavit denying the allegations of abuse and vaguely asserting that he has information that could be used during cross-examination to discredit the child's testimony. This is insufficient to establish a meritorious defense (*see Matter of Cain Keel L. [Derzerina L.]*, 78 AD3d 541, 542 [1st Dept 2010], *lv dismissed* 16 NY3d 818 [2011]; *Matter of Gloria Marie S.*, 55 AD3d 320, 321 [1st Dept 2008], *lv dismissed* 11 NY3d 909 [2009]).

Although the absence of a meritorious defense is alone sufficient to deny the motion to vacate, the record also supports a finding that respondent willfully failed to appear at the hearing (*see* Family Ct Act § 1042). His claim that he failed to appear because his attorney never informed him of the hearing date is not credible and is inconsistent with the record. Concur—Mazzarelli, J.P., Acosta, Saxe and Richter, JJ.