■ In the Matter of JADE D.S.M.A.S., Also Known as JADE S. NEW YORK FOUNDLING HOSPITAL, Respondent; SAKINA S.O.A.S., Also Known as SAKINA S., Respondent. JEANETTE J., Nonparty Appellant. (Proceeding No. 1.) In the Matter of JEANETTE J., Appellant, v ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et. al., Respondent. (Proceeding No. 2.) [34 NYS3d 480]—

Appeal from an order of the Family Court, Richmond County (Karen Wolff, J.), dated January 5, 2015. The order, after a hearing, denied the maternal grandmother's petition for custody of the subject child and freed the subject child for adoption by her foster parents.

Ordered that the order is affirmed, without costs or disbursements.

The subject child was born in February 2010 and was placed with foster parents six days after her birth. In May 2011, the maternal grandmother filed a petition for custody of the child. In August 2012, a proceeding to terminate the mother's parental rights to the child was commenced. On April 17, 2013, the Family Court found that the mother permanently neglected the child. Thereafter, the court granted the grandmother's application to consolidate her custody petition with the dispositional hearing in the termination of parental rights proceeding. Following the consolidated hearing, in an order dated January 5, 2015, the court found that it was in the child's best interests that she be freed for adoption by her foster parents and denied the grandmother's custody petition. The grandmother appeals.

Following an adjudication of permanent neglect, the best interests of the child is the sole issue at the dispositional hearing (*see Matter of Samuel DD. [Margaret DD.]*, 123 AD3d 1159, 1162-1163 [2014]; *see also Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). This Court's authority in a child custody proceeding is as broad as that of the trial court (*see Miller v Pipia*, 297 AD2d 362, 364 [2002]). "Since custody determinations turn in large part on assessments of the credibility, character, temperament and sincerity of the parties, the Family Court's determination should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Chery v Richardson*, 88 AD3d 788, 788 [2011]).

"A grandparent has no preemptive statutory or constitutional right to custody surpassing that of persons who might be

selected by the agency as suitable adoptive parents" (*Matter of Geneva B. v Administration for Children's Servs.*, 73 AD3d 406, 406 [2010]). Here, the evidence adduced at the hearing demonstrated that the foster parents had provided good care and a stable home for the child (*see Matter of Akim H.*, 264 AD2d 670 [1999]). The evidence also showed that the foster parents, who took custody of the child only six days after her birth, were the only parents she had ever known and that the child was bonded to the foster parents. Thus, the Family Court providently exercised its discretion in denying the grandmother's petition for custody and in freeing the child for adoption by the foster parents.

The grandmother's argument that the Indian Child Welfare Act of 1978 (25 USC § 1901 *et seq.* [hereinafter the ICWA]) deprived the Family Court of jurisdiction is without merit. The grandmother, as the party asserting the applicability of the ICWA, failed to meet her burden of providing sufficient information to at least put the court on notice that the child may be an "Indian child" within the meaning of the ICWA (25 USC § 1903 [4]; *see Matter of Cain Keel L. [Derzerina L.]*, 78 AD3d 541, 542 [2010]; *In re Trever I.*, 973 A2d 752, 759 [Me Sup Ct 2009]).

The grandmother's remaining contentions are without merit. Eng, P.J., Roman, LaSalle and Barros, JJ., concur.