■ In the Matter of Landyn M., and Infant. Laquanna W., Appellant; Jewish Child Care Association of New York, Respondent. [43 NYS3d 318]—

Order, Family Court, Bronx County (Robert D. Hettleman, J.), entered on or about August 31, 2015, which denied respondent mother's motion to vacate her default at a hearing to determine if she violated the conditions of a suspended judgment, thereby freeing the subject child for adoption, unanimously affirmed, without costs.

We decline to reach respondent's argument, advanced for the first time on appeal, that the Indian Child Welfare Act of 1978 (ICWA) applies to the child. Were we to consider this argument, we would find that respondent has failed to show that she or the child is a member or is eligible for membership in an Indian Tribe such that the ICWA would apply (*see* 25 USC § 1903 [4]; *Matter of Cain Keel L. [Derzerina L.]*, 78 AD3d 541, 542 [1st Dept 2010], *lv dismissed* 16 NY3d 818 [2011]).

We likewise decline to reach respondent's arguments, also advanced for the first time on appeal, that her attorney was ineffective for his failure to participate in the hearing, and that

her due process rights were violated by proceeding in her absence. Were we to consider these arguments, we would find them unavailing since respondent's attorney made the prudent strategic choice to preserve for her the opportunity to move to vacate the default (*see e.g. Matter of Lenea'jah F. [Makeba T.S.]*, 105 AD3d 514, 515 [1st Dept 2013]). Furthermore, contrary to respondent's contention, the record establishes that she was not dissuaded from bringing the instant appeal. Concur—Tom, J.P., Friedman, Saxe, Feinman and Kahn, JJ.