■ In the Matter of NE VEAH M., a Child Alleged to be Abused and/or Neglected. MICHAEL M., Appellant; ADMINISTRATION FOR CHILDREN SERVICES, Respondent. [45 NYS3d 455]—

Order of disposition, Family Court, Bronx County (Linda B. Tally, J.), entered on or about August 13, 2015, to the extent it brings up for review a fact-finding order of the same court and Judge, entered on or about June 15, 2015, which denied respondent's motion to vacate his default and re-open the fact-finding hearing, which, after an inquest, determined that he sexually abused the subject child, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.

The Family Court properly exercised its discretion in denying respondent's motion to vacate his default because his moving papers failed to demonstrate a reasonable excuse for his absence (*see Matter of Isaiha M. [Atavia M.]*, 115 AD3d 575 [1st Dept 2014]). Although respondent's counsel appeared at the fact-finding hearing, he notified the court that he would not be participating and presented no explanation as to why respondent was not there (*see Matter of Jaquan Tieran B. [Latoya B.]*, 105 AD3d 498, 499 [1st Dept 2013]). Respondent's claim that he was prevented from appearing at the hearing by unforeseen circumstances beyond his control after he lost his wallet and attorney's contact information seven days earlier fails, because there was no explanation as to how that caused him to default or why he did not contact his attorney's office, the Bronx Defenders, and ask to speak with his attorney, and provided nothing to corroborate his claims (*see Matter of Gloria*

*Marie S.*, 55 AD3d 320 [1st Dept 2008], *lv dismissed* 11 NY3d 909 [2009]). Given respondent's failure to establish a reasonable excuse for his default, this Court need not determine whether he demonstrated a meritorious defense to the petition's allegations (*see Matter of Raymond C.M. [Marilyn M.]*, 132 AD3d 512 [1st Dept 2015]; *Washington v Janati*, 118 AD3d 603 [1st Dept 2014]).

Even if this Court were to determine that respondent established a reasonable excuse for his default in appearance, his assertion that he will present evidence including expert testimony countering the allegations that he allowed or committed a sex offense against the child is insufficient to establish a meritorious defense (*see Matter of Giovanni Maurice D. [Wilner B.]*, 99 AD3d 631 [1st Dept 2012]; *Matter of Cain Keel L. [Derzerina L.]*, 78 AD3d 541 [1st Dept 2010], *lv dismissed* 16 NY3d 818 [2011]). Concur—Acosta, J.P., Mazzarelli, Feinman and Webber, JJ.