Matter of Matthew C. v Robin B. (2018 NY Slip Op 04078)





Matter of Matthew C. v Robin B.


2018 NY Slip Op 04078


Decided on June 7, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2018

Manzanet-Daniels, J.P., Tom, Andrias, Kapnick, Singh, JJ.


6787

[*1]In re Matthew C., Petitioner-Respondent,
v
Robin B., Respondent-Appellant.


Douglas H. Reiniger, New York, for appellant.
Leslie S. Lowenstein, Woodmere, for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.



Order, Family Court, New York County (J. Machelle Sweeting, J.), entered on or about February 27, 2017, which granted petitioner a final order of sole legal and physical custody of the subject child, unanimously affirmed, without costs.
Respondent failed to demonstrate a reasonable excuse for her default (see CPLR 5015[a][1]; Matter of Commissioner of Social Servs. of the City of N.Y. v Juan H.M., 128 AD3d 501 [1st Dept 2015]). She presented no evidence to substantiate her alleged lack of funds to travel to New York City to appear at the hearing (see Matter of Isaac Howard M. [Fatima M.], 90 AD3d 559, 560 [1st Dept 2011], lv dismissed in part, denied in part 18 NY3d 975 [2012]). She failed to timely contact the court to inform it of her unavailability, and she failed to make herself available by telephone at the time the case was called. Instead, she went about her day, as scheduled, including attending a physical therapy appointment, and waited until after the case was called and adjudicated in her absence to make contact with the court (see Matter of Zion Nazar H-S. [Shaniqua W.], 122 AD3d 486 [1st Dept 2014]).
In the absence of a reasonable excuse for her default, we need not determine whether respondent demonstrated a meritorious defense to the petition for custody (Matter of Ne Veah M. [Michael M.], 146 AD3d 673, 674 [1st Dept 2017]). We note in any event that respondent's claims that the child had spent most of her life with respondent, had more closely bonded with her than with petitioner, and wished to live with her, and that the child was struggling in school in New York City were unsubstantiated (see Matter of Gloria Marie S., 55 AD3d 320, 321 [1st Dept 2008], lv dismissed 11 NY3d 909 [2009]; and see Matter of Christian E., 66 AD3d 433 [1st Dept 2009]). Moreover, these claims were belied by petitioner's testimony and the report of the court-ordered investigation, which the court considered.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 7, 2018
CLERK