Matter of Tyrone F. v Mariah O. (2018 NY Slip Op 06617)





Matter of Tyrone F. v Mariah O.


2018 NY Slip Op 06617


Decided on October 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2018

Friedman, J.P., Sweeny, Kapnick, Gesmer, Singh, JJ.


7226A 7226

[*1] In re Tyrone F., Petitioner-Respondent, 
v
Mariah O., Respondent-Appellant.
In re Sayoni S.S.F., A Child Under Eighteen Years of Age, etc., Mariah O., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent, Tyrone F., Respondent-Respondent.


Leslie S. Lowenstein, Woodmere, for appellant.
Thomas R. Villecco, Jericho, for Tyrone F., respondent.
Zachary W. Carter, Corporation Counsel, New York (Jason Anton of counsel), for Administration for Children's Services, respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the child.



Orders, Family Court, Bronx County (David J. Kaplan, J.), entered on or about July 12, 2017, which denied respondent-appellant mother's motion to vacate orders of the same court and Judge, entered on or about January 30, 2017, granting the order to show cause of petitioner Administration for Children's Services finding that appellant violated the terms of a suspended judgment and ending supervision of the Article 10 petition filed against her; and granting respondent father's petition for custody of the child and dismissing appellant's custody petition, unanimously affirmed, without costs.
The Family Court providently exercised its discretion in denying the motion to vacate the mother's default because the moving papers failed to demonstrate both a reasonable excuse and a meritorious defense (see Matter of Tyieyanna L. [Twanya McK.], 94 AD3d 494 [1st Dept 2012]). The mother's claim that she missed the January 30, 2017 hearing because she lacked the funds for travel from Georgia to the Bronx was unsubstantiated and therefore insufficient as a reasonable excuse for vacating her default (see Matter of Gloria Marie S., 55 AD3d 320, 320 [1st Dept 2008], lv dismissed 11 NY3d 909 [2009]). Even if the mother's lack of funds were the true reason for her failure to appear at the hearing, she provided no explanation as to why she did not notify her counsel, the court or the agency of her inability to attend (see Matter of Evan Matthew [*2]A. [Jocelyn Yvette A.], 91 AD3d 538, 539 [1st Dept 2012]; Matter of Isaac Howard M. [Fatima M.], 90 AD3d 559, 560 [1st Dept 2011], lv dismissed, denied 18 NY3d 975 [2012]).
Given the mother's failure to establish a reasonable excuse for her default, this Court need not determine whether she established a meritorious defense to the allegation that she violated the suspended judgment (see Matter of Ne Veah M. [Michael M.], 146 AD3d 673, 674 [1st Dept 2017]). In any event, her conclusory denial of violating the order of protection issued against her failed to establish a meritorious defense (see Matter of Shavenon N. [Miledy L.N.], 71 AD3d 401 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 4, 2018
CLERK