Matter of Mishelys R. (Garland R.) (2018 NY Slip Op 07070)





Matter of Mishelys R. (Garland R.)


2018 NY Slip Op 07070


Decided on October 23, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2018

Sweeny, J.P., Gische, Tom, Mazzarelli, Kern, JJ.


7443

[*1]In re Mishelys R., and Others, Children Under the Age of Eighteen Years, etc.,
and
Garland R., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Larry S. Bachner, New York, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Deborah E. Wassel of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Patricia Colella of counsel), attorney for the children.



Order, Family Court, Bronx County (David J. Kaplan, J.), entered on or about December 5, 2017, which denied respondent father's motion to vacate an order of fact-finding and disposition, same court and Judge, entered on or about October 11, 2017, upon respondent's default, determining, inter alia, that the father neglected the subject children, unanimously affirmed, without costs.
The court properly denied the father's motion to vacate, as the record shows that he failed to provide a reasonable excuse for his default in appearing at the fact-finding and dispositional hearing (see Matter of Evan Matthew A. [Jocelyn Yvette A.], 91 AD3d 538, 539 [1st Dept 2012]). The father's claim that he could not attend the morning hearing due to a medical appointment scheduled for later in the day is insufficient, since he clearly had ample time to attend both the hearing and the appointment. The father also failed to show that he made any effort to notify his counsel or the court of his inability to attend (see Matter of Octavia Loretta R. [Randy McN.-Keisha W.], 93 AD3d 537 [1st Dept 2012]).
Furthermore, the father did not demonstrate a meritorious defense to the neglect petition (see Family Ct Act § 1042), as he relied upon conclusory denials of wrongdoing (see Matter of Stephanie F. [Francy Javier A.], 132 AD3d 611, 611 [1st Dept 2015]; Matter of Shavenon N. [Miledy L.N.], 71 AD3d 401 [1st Dept 2010]). The record further shows that he willfully failed to appear at the hearing (see Family Ct Act § 1042). In any event, the evidence at the hearing established that the father engaged in multiple incidents of domestic violence against the mother in the presence of the children, including one in which one of the subject children - Mishelys - sustained bruising and a cut lip.
Contrary to the father's contention, his attorney's refusal to participate in the fact-finding hearing in his absence was not ineffective representation, since his attorney's strategic decision preserved his opportunity to move to open the default (see Matter of Landyn M. [Laquanna W.], 145 AD3d 520 [1st Dept 2016]).
We have considered the father's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 23, 2018
CLERK