Matter of Jolanda K. v Damian B. (2018 NY Slip Op 07675)





Matter of Jolanda K. v Damian B.


2018 NY Slip Op 07675


Decided on November 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2018

Renwick, J.P., Tom, Mazzarelli, Webber, Kern, JJ.


7599

[*1]In re Jolanda K., Petitioner-Respondent, Damian B., Respondent-Appellant.


George E. Reed, Jr., White Plains, for appellant.
Leslie S. Lowenstein, Woodmere, for respondent.
Bruce A. Young, New York, attorney for the child.



Order, Family Court, Bronx County (Tracey A. Bing, J.), entered on or about May 2, 2017, denying respondent's motion seeking visitation and vacatur of a final order, entered on or about January 30, 2017, which, upon his default, granted sole legal and physical custody of the subject child to petitioner-mother, without visitation, unanimously modified, on the law and in the interest of justice, to the extent of remanding for further proceedings on the issue of visitation, and otherwise affirmed, without costs.
While "default orders are disfavored in cases involving the custody or support of children, and thus the rules with respect to vacating default judgments are not to be applied as rigorously" (Matter of Dayon G. v Tina T., 163 AD3d 461, 462 [1st Dept 2018] [internal quotation marks omitted]), this policy "does not relieve the defaulting party of the burden of establishing a reasonable excuse for the default" (Matter of Roshia v Thiel, 110 AD3d 1490, 1491 [4th Dept 2013], lv dismissed in part and denied in part 22 NY3d 1037 [2013]).
Respondent father's excuse that he did not know about two court dates in January 2017 was unreasonable as there was ample evidence that he was present in court when the dates were set, the court made reference at the prior hearing that there were upcoming court dates in January, and the court mailed a notice to appear to the father at his reported address. Because the father failed to establish a reasonable excuse for his default, this Court need not determine whether he established a meritorious defense (see Matter of Ne Veah M. [Michael M.], 146 AD3d 673, 674 [1st Dept 2017]).
However, the final custody order did not make any provision for visitation, and the father's pro se motion explicitly sought visitation with the child. Family Court implicitly denied this request without providing any rationale. Visitation is a joint right of the child and noncustodial parent and, absent "exceptional circumstances," it "follows almost as a matter of course," and is presumed to be in the child's best interest (Weiss v Weiss, 52 NY2d 170, 174-176 [1981]). The record of the custody hearing established that the father had regular unsupervised and overnight visitation with the child throughout the prolonged custody proceedings, although there were some late pickups and missed visits in the months before the custody order was issued. We note the child's attorney represents that the child strongly wishes to resume visits [*2]with the father (see Matter of Michael B., 80 NY2d 299, 318 [1992]). Accordingly, we remand for further proceedings, including a hearing, to determine the issue of visitation between the father and child.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 13, 2018
CLERK