Matter of Baby Boy W. (Antoinette W.) (2019 NY Slip Op 05139)





Matter of Baby Boy W. (Antoinette W.)


2019 NY Slip Op 05139


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-05172
 (Docket Nos. N-7277-17, N-7278-17)

[*1]In the Matter of Baby Boy W. (Anonymous), also known as Malikah W. (Anonymous). Westchester County Department of Social Services, respondent; Antoinette W. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Baby Girl W. (Anonymous), also known as Malazah W. (Anonymous). Westchester County Department of Social Services, respondent; Antoinette W. (Anonymous), appellant. (Proceeding No. 2)


 Scott Stone, White Plains, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Linda M. Trentacoste and Allison E. Burke of counsel), for respondent.
Patrick J. Carle, New City, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Westchester County (Michelle I. Schauer, J.), dated February 16, 2018. The order, insofar as appealed from, in effect, denied the mother's objection to jurisdiction and continued the subject children's placement in the custody of the Commissioner of Social Services of Westchester County.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In June 2017, the Westchester County Department of Social Services commenced these related neglect proceedings against the mother. The mother consented to a finding of neglect without admission. By order of disposition dated December 29, 2017, also entered upon the mother's consent, the subject children were placed in the custody of the Commissioner of Social Services of Westchester County.
When the mother appeared before the Family Court on January 18, 2018, for a permanency hearing, she represented herself to be "a hundred percent Native American" and, in effect, objected to the court's jurisdiction over the proceedings pursuant to the Indian Child Welfare Act of 1978 (25 USC § 1901 et seq.; hereinafter the ICWA). In an order dated February 16, 2018, the court, inter alia, in effect, denied the mother's objection to jurisdiction and continued the [*2]children's placement in the custody of the Commissioner of Social Services of Westchester County. The mother appeals.
The mother's contention that the ICWA deprived the Family Court of jurisdiction over these proceedings is without merit. The ICWA applies to all "child custody proceedings" involving an "Indian child" (25 USC §§ 1903, 1911). The party asserting the applicability of the ICWA bears the burden of providing sufficient information to put the court on notice that the subject child may be an "Indian child" within the meaning of the ICWA (see Matter of Landyn M. [Laquanna W.], 145 AD3d 520; Matter of Jade D.S.M.A.S. [Sakina S.O.A.S.], 140 AD3d 1077, 1078; Matter of Cain Keel L. [Derzerina L.], 78 AD3d 541, 542). An "Indian child" for purposes of the ICWA means "any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe" (25 USC § 1903[4]).
Here, the mother failed to identify any Indian tribe of which she or either child is a member (see 25 USC § 1903[8]; Indian Law § 2). Thus, she failed to meet her burden of providing sufficient information to put the Family Court on notice that the children may be "Indian child[ren]" (see 25 USC § 1903[4]; Matter of Landyn M. [Laquanna W.], 145 AD3d 520; Matter of Jade D.S.M.A.S. [Sakina S.O.A.S.], 140 AD3d 1077; Matter of Cain Keel L. [Derzerina L.], 78 AD3d 541). Accordingly, the mother's objection to the court's jurisdiction was properly denied.
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court