Matter of Miguel L. v Ashley J.L. (2019 NY Slip Op 08273)





Matter of Miguel L. v Ashley J.L.


2019 NY Slip Op 08273


Decided on November 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2019

Gische, J.P., Webber, Kern, Moulton, JJ.


10341

[*1] In re Miguel L., Petitioner-Respondent,
v
Ashley J.L., Respondent-Appellant.


Anne Reiniger, New York, for appellant.
The Bronx Defenders, New York (Miriam Mack of counsel), for respondent.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for the child.



Order, Family Court, Bronx County (David J. Kaplan, J.), entered on or about December 6, 2017, which denied respondent mother's motion to vacate an order, same court and Judge, entered upon her default, granting petitioner father sole physical and legal custody of the subject child, unanimously affirmed, without costs.
The Family Court providently exercised its discretion in denying respondent's motion to vacate her default, since she failed to demonstrate both a reasonable excuse for the default and a meritorious defense (see CPLR 5015[a][1]). There were unexplained ambiguities and glaring gaps in the documents submitted as to the exact dates of respondent's purported hospitalization, which failed to establish that she was unable to appear in court on May 9, 2017. Respondent failed to submit an affidavit supporting her counsel's conclusory statements (see Matter of Geoffrey Collin D. v Janelle Latoya A., 132 AD3d 438 [1st Dept 2015]), and counsel, not having represented respondent at the time, did not have firsthand knowledge (see Matter of Samuel V.S. [Shamea L.], 89 AD3d 566 [1st Dept 2011]). Furthermore, respondent had a history of failing to appear at critical points during the proceedings (see Matter of Mariah A. [Hugo A.], 109 AD3d 751, 752 [1st Dept 2013], lv dismissed 22 NY3d 994 [2013]), and waited five months before filing the motion to vacate, during which time the child had become acclimated to petitioner's care. While this Court need not reach the merits given respondent's failure to establish a reasonable excuse for her default (see Matter of Ne Veah M. [Michael M.], 146 AD3d 673, 674 [1st Dept 2017]), respondent failed to set forth a meritorious defense.
To the extent respondent challenges the order granting the petition for custody, contending that the court erred in granting sole custody of the child to petitioner in light of his history of domestic violence, length of time the child lived with her, separation of siblings, joint custody and the child's wishes, this issue is not properly before this Court as no direct appeal lies from an order entered on default (see Matter of Madison Mia B. [Katherine Janet B.], 162 AD3d 547 [1st Dept 2018], appeal dismissed 33 NY3d 1057 [2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 14, 2019
CLERK