Matter of Meajay B. (Latrice B.) (2020 NY Slip Op 06379)





Matter of Meajay B. (Latrice B.)


2020 NY Slip Op 06379


Decided on November 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 10, 2020

Before: Friedman, J.P., Renwick, Oing, Mendez, JJ. 


Docket No. NN-15595/17 NN-15596/17 Appeal No. 12330 Case No. 2019-4914 

[*1]In the Matter of Meajay B., and Another, Children Under Eighteen Years of Age, etc., Latrice B., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Elina Druker of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Patricia Colella of counsel), attorney for the children.



Order, Family Court, Bronx County (Michael R. Milsap, J.), entered on or about May 14, 2019, which denied respondent mother's motion to vacate an order of fact-finding, same court and Judge, entered on or about June 7, 2018, upon her default, which determined that she had neglected the subject children, unanimously affirmed, without costs.
The court providently exercised its discretion in denying respondent's motion to vacate her default on the grounds that her failure to appear at the fact-finding hearing was willful and she failed to show a meritorious defense to the petition (Family Ct Act § 1042; compare CPLR 5015[a][1]; see Matter of Stephanie F. [Francy Javier A.], 132 AD3d 611 [1st Dept 2015]). Respondent claims that she missed the hearing because her counsel failed to inform her of the hearing date. However, she was present in court when the conference was scheduled, she knew that the purpose of the conference was to schedule the fact-finding hearing, and she failed to appear at the conference. She then failed to maintain contact with counsel, the court, or the agency, which shows an overall lack of attention to the proceeding (see Matter of Natalia M. v Odane S., 172 AD3d 597 [1st Dept 2019]).
In view of the finding of willfulness, it is not necessary to determine whether respondent showed a meritorious defense to the petition (see Family Court Act § 1042). In any event, we agree with Family Court that respondent failed to do so. In support of her motion, respondent submitted a conclusory affidavit denying that she had neglected the children. The record shows that she exhibited delusional and paranoia disorders, was psychiatrically hospitalized for 19 days, and refused to take her medication, thereby placing the children at imminent risk of danger (see Matter of Yamailiz G. [Yamara R.], 178 AD3d 610 [1st Dept 2019]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2020