Matter of Chantel C. (Gloria D.--Luis M.C.) (2020 NY Slip Op 07490)





Matter of Chantel C. (Gloria D.--Luis M.C.)


2020 NY Slip Op 07490


Decided on December 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 15, 2020

Before: Renwick, J.P., Gische, González, Scarpulla, Mendez, JJ. 


Docket No. V-03988-19 Appeal No. 12621 Case No. 2019-05094 

[*1]In the Matter of Chantel C., Petitioner, Gloria D. Respondent-Appellant, Luis M.C., Respondent.


Leslie S. Lowenstein, Woodmere, for appellant.
Janet Neustaetter, The Children's Law Center, Brooklyn (Chai Park of counsel), attorney for the child.



Order, Family Court, Bronx County (Jennifer S. Burtt, Referee), entered on or about November 12, 2019, which denied respondent-appellant mother's motion to vacate an order, same court and Referee, entered on or about October 15, 2019, which, upon her default and after inquest, awarded sole legal and physical custody of the child to petitioner, unanimously affirmed, without costs.
Family Court providently exercised its discretion in denying the mother's motion to vacate the order granting petitioner Chantel C., the child's adult half-sister, sole legal and physical custody of the child upon the mother's default. In support of her motion to vacate, the mother failed to demonstrate a reasonable excuse for having missed two court appearances and failing to appear after receiving a notice of inquest (see CPLR 5015[a][1]; Matter of Messiah G. [Giselle F.], 168 AD3d 420 [1st Dept 2019], lv dismissed in part, denied in part 32 NY3d 121 [2019]). Her excuse, that she was unaware of the hearing date, is belied by the record (see id.). On the inquest date, counsel represented to the court that she had informed the mother of the court date in a telephone conversation. In addition, the court mailed the mother a notice of inquest and her counsel sent the mother a letter and texted her from court. Even if the mother did not receive the correspondence and was unaware of the court date, she made little or no effort to ascertain when she was expected to return to court (see Matter of Ne Veah M. [Michael M.], 146 AD3d 673 [1st Dept 2017]).
The mother also failed to demonstrate a meritorious defense. Her affidavit supporting vacatur of the default provides only generalized conclusory statements that she has a defense and should be awarded custody of the child. The record shows that the child has lived with and been well cared for by petitioner for over 10 years and that the mother provided no excuse for why she did not take over the child's care during that period. The mother provided no factual basis as to why there was no standing under an extraordinary circumstances standard. In addition, she provided no basis for the court to conclude that it would be in the child's best interest to be in her care (see Matter of Kathy C. v Alonzo E., 157 AD3d 503 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2020