Matter of Selah J. S. (2024 NY Slip Op 01121)

Matter of Selah J. S.

2024 NY Slip Op 01121

Decided on February 29, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 29, 2024

Before: Manzanet-Daniels, J.P., Moulton, Scarpulla, Mendez, O'Neill Levy, JJ. 

Docket No. B-599/19 Appeal No. 1770 Case No. 2022-02883 

[*1]In the Matter of Selah J. S., Also Known as Selah S., A Dependent Child Under the Age of Eighteen Years, etc., St. Dominic's Family Services et al., Petitioners-Respondents, Katherine D., Respondent-Appellant.

John R. Eyerman, New York, for appellant.
Ira L. Eras, P.C., Brooklyn (Ira L. Eras of counsel), for St. Dominic's Family Services, respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.

Order, Family Court, New York County (Keith E. Brown, J.), entered on or about on or about July 6, 2022, bringing up for review an order, same court and Judge, entered on or about June 1, 2022, which denied respondent mother's motion to vacate her default at the fact-finding hearing, and which, to the extent appealed from, upon a finding that the mother had abandoned the subject child, terminated her parental rights and transferred custody of the child to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.
Family Court providently exercised its discretion in denying the mother's motion to vacate her default, as her moving papers failed to demonstrate a reasonable excuse for her absence from the virtual hearing and a meritorious defense to the allegation that she abandoned the child (CPLR 5015[a][1]; see Matter of Cain Keel L. [Derzerina L.], 78 AD3d 541, 542 [1st Dept 2010], lv dismissed 16 NY3d 818 [2011]). The record contains no evidence substantiating the mother's assertion that she could not appear for the fact-finding hearing, of which she concededly had notice, because the battery of her newly purchased cellphone died, and this excuse is therefore insufficient as a reasonable excuse for vacating a default (see Matter of Gloria Marie S., 55 AD3d 320, 320 [1st Dept 2008], lv dismissed 11 NY3d 909 [2009]).
Because the mother failed to offer a reasonable excuse for her default, this Court need not determine whether she offered a meritorious defense to the petition seeking termination of her parental rights on the grounds of abandonment (see Matter of Evan Matthew A. [Jocelyn Yvette A.], 91 AD3d 538 [1st Dept 2012]). In any event, during the six-month period immediately before the filing of the petition to terminate her parental rights, the mother visited the child only twice and contacted the agency six times to reschedule or cancel her visitation with the child. Thus, her contact with the child was
too infrequent, sporadic, or insubstantial to defeat the showing of abandonment (see Matter of Jamal B. [Johnny B.], 95 AD3d 1614, 1615-1616 [3d Dept 2012], lv denied 19 NY3d 812 [2012]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 29, 2024