■ In the Matter of RICKELME ALFREDO B., an Infant. RICARDO ALFRED B., Appellant; EDWIN GOULD SERVICES FOR CHILDREN AND FAMILIES, Respondent. [19 NYS3d 20]—

Order, Family Court, Bronx County (Monica Drinane, J.), entered on or about April 7, 2014, which denied respondent father's motion to vacate orders entered upon the father's default; and order of disposition, same court and Judge, entered on or about April 24, 2014, which reiterated the court's earlier findings that the father's consent is not required for the adoption of the subject child, unanimously affirmed, without costs.

The father's due process arguments regarding the right to assigned counsel are not preserved for our review (*see Matter of Aribelys N. [Rafael N.]*, 106 AD3d 621, 622 [1st Dept 2013]). In any event, no substantive proceedings occurred between the time the father first appeared in court and the time he was assigned counsel.

The court properly found that the father failed to demonstrate both a reasonable excuse for his default and a meritorious defense (*see Matter of Amirah Nicole A. [Tamika R.]*, 73 AD3d 428, 428-429 [1st Dept 2010], *lv dismissed* 15 NY3d 766 [2010]). Based on the father's account, he should have arrived in court on time despite the alleged traffic delay. In addition, he failed to substantiate the delay and failed to call his counsel or the court to advise that he would be late (*Matter of Ilyas Zaire A.-R. [Habiba A.-R.]*, 104 AD3d 512, 512 [1st Dept 2013], *lv denied* 21 NY3d 859 [2013]). Moreover, any confusion regarding the time or date of the proceedings is not a reasonable excuse for failing to appear (*see Matter of Mariah A. [Hugo A.]*, 109 AD3d 751, 752 [1st Dept 2013], *lv dismissed* 22 NY3d 994 [2013]).

As to his defense, the father failed to show that he consistently provided the child with fair and reasonable financial support, and therefore he did not demonstrate that his consent is required for the adoption of the child (*see* Domestic Relations

Law § 111 [1] [d]; *see also Aribelys*, 106 AD3d at 621). Further, the court properly found that the child's best interests would be served by freeing him for adoption, since he was living in a loving foster home, where he was thriving and where the foster parent wanted to adopt him (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). We have considered the father's remaining contentions and find them unavailing. Concur— Sweeny, J.P., Acosta, Renwick and Moskowitz, JJ.