Matter of Gabrielle G. (Mike G.) (2019 NY Slip Op 00545)





Matter of Gabrielle G. (Mike G.)


2019 NY Slip Op 00545


Decided on January 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2019

Friedman, J.P., Richter, Kahn, Oing, Moulton, JJ.


7552 7551

[*1]In re Gabrielle G. (Anonymous) and Another, Dependent Children Under the Age of Eighteen Years, etc., Mike G. (Anonymous), Respondent-Appellant, Catholic Guardian Services, Petitioner-Respondent.


Larry S. Bachner, New York, for appellant.
Magovern & Sclafani, Mineola (Joanna M. Roberson of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Patricia Colella of counsel), attorney for the children.



Orders of disposition, Family Court, New York County (Karen I. Lupuloff, J.), entered on or about July 10, 2017, which, to the extent appealed from as limited by the briefs, determined that respondent's consent was not required for the adoption of the subject children, unanimously affirmed, without costs.
Respondent admitted that he did not provide the children with financial support after they were placed into foster care
(see Domestic Relations Law § 111[1][d]; Matter of Rickelme Alfredo B. [Ricardo Alfred B.], 132 AD3d 490 [1st Dept 2015]). Petitioner was not required to inform respondent of his financial support obligation (Domestic Relations Law § 111[1][d]; see Matter of Tiara J. [Anthony Lamont A.], 118 AD3d 545 [1st Dept 2014]).
Respondent failed to demonstrate that he received ineffective assistance of counsel (see Matter of Asia Sabrina N. [Olu N.], 117 AD3d 543, 544 [1st Dept 2014]). He contends that his attorney did not make a sufficient effort to show that he lacked the financial ability to support the children. However, counsel's decision not to question respondent about his financial circumstances may have been strategic (see People v Sargsyan, 71 AD3d 401 [1st Dept 2010]). Moreover, respondent presented no evidence that his proposed line of questioning had a realistic chance of succeeding (see People v Stultz, 2 NY3d 277, 287 [2004]).
Respondent's argument that Domestic Relations Law § 111(1)(d) violates the equal protection clause by imposing on unwed fathers a duty it does not impose on married fathers is improperly raised for the first time on appeal.
We have considered respondent's remaining arguments and find them unavailing.
The Decision and Order of this Court entered herein on November 8, 2018 (166 AD3d 416 [1st Dept 2018]) is hereby recalled and vacated (see M-6431 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 29, 2019
DEPUTY CLERK