Matter of Darryl H.W. (Angelina P.) (2021 NY Slip Op 02774)





Matter of Darryl H.W. (Angelina P.)


2021 NY Slip Op 02774


Decided on May 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 04, 2021

Before: Gische, J.P., Mazzarelli, Oing, González, JJ. 


Docket No. B-293/16 Appeal No. 13733 Case No. 2020-01750 

[*1]In the Matter of Darryl H.W., Jr., A Child Under Eighteen Years of Age, etc., Angelina P., Respondent-Appellant, Rising Ground, Formerly Known as Leake & Watts Services, Inc., Petitioner-Respondent.


Bruce A. Young, New York, for appellant.
Rosin Steinhagen Mendel PLLC, New York (Marion C. Perry of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Riti P. Singh of counsel), attorney for the child.



Order, Family Court, Bronx County (Keith E. Brown, J.), entered on or about January 23, 2020, which denied respondent mother's motion to vacate an order of disposition, same court (Valerie A. Pels, J.), entered on or about June 11, 2019, which, upon her default in appearing at the dispositional hearing, terminated her parental rights to the subject child, and committed custody and guardianship of the child to petitioner agency and the Commissioner for the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.
The court providently exercised its discretion in denying the mother's motion to vacate the dispositional order upon her default, since she failed to demonstrate a reasonable excuse for her failure to appear at the hearing and a potentially meritorious defense (see CPLR 5015[a][1]; Matter of Amirah Nicole A. [Tamika R.], 73 AD3d 428, 428-429 [1st Dept 2010], lv dismissed 15 NY3d 766 [2010]). Any alleged confusion on the mother's part about the time and date of the proceedings was not reasonable since she was present in court when the date was selected and was reminded by her attorney of the upcoming court appearance less than a week prior (see Matter of Rickelme Alfredo B. [Ricardo Alfred B.], 132 AD3d 490, 490 [1st Dept 2015]; Matter of Mariah A. [Hugo A.], 109 AD3d 751, 752 [1st Dept 2013], lv dismissed 22 NY3d 994 [2013]). Additionally, the mother failed to substantiate that her employment prevented her from attending the hearing (see Matter of Ronald Kendell G. [Janet G.], 169 AD3d 558, 559 [1st Dept 2019], lv dismissed 33 NY3d 1042 [2019]). There was no evidence presented that she was unable to appear due to her employment or that she notified her employer about the court date. Finally, the mother had a history of failing to appear at critical points during the proceedings, such as the 2014 finding of neglect after inquest, and waited five months before filing the motion to vacate (see Matter of Miguel L. v Ashley J.L., 177 AD3d 476, 477 [1st Dept 2019]).
Since the mother failed to proffer a reasonable excuse for her default, we need not determine whether she proffered a meritorious defense, which we would, in any event, find that she failed to do.
We have considered the parties' remaining contentions and find them either unreviewable herein, unpreserved and/or unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2021