Matter of Kerry L. v Chantelle Monique J. (2022 NY Slip Op 05953)

Matter of Kerry L. v Chantelle Monique J.

2022 NY Slip Op 05953

Decided on October 25, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 25, 2022

Before: Webber, J.P., Singh, Moulton, González, Pitt, JJ. 

Docket No. V-6778-79/21 Appeal No. 16516 Case No. 2021-04316 

[*1]In the Matter of Kerry L., Petitioner-Respondent,
v
Chantelle Monique J., Respondent-Appellant.
In the Matter of Chantelle Monique J., Petitioner-Appellant,
v
Kerry L., Respondent-Respondent.

Andrew J. Baer, New York, for appellant.
Biolsi Law Group, P.C., New York (Steven Alexander Biolsi of counsel), for respondent.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for the child.

Order, Family Court, Bronx County (Ashley B. Black, J.), entered on or about September 21, 2021, which denied respondent mother's motion to vacate a custody and visitation order, same court and Judge, entered upon her default, on or about April 8, 2021, unanimously affirmed, without costs.
Family Court providently exercised its discretion in denying the mother's motion, as she failed to demonstrate a reasonable excuse for her failure to appear in court for the continued trial (see CPLR 5015[a][1]). Although the mother asserted that she had slept through her virtual court appearance because she had worked a night shift the previous evening, she admitted that she had, in fact, forgotten about the date. Thus, the mother gave no reasonable excuse for her default (see Matter of Krystal R. v Kriston L., 177 AD3d 445, 446 [1st Dept 2019]). Moreover, any confusion on the mother's part about the time and date of the proceedings was not reasonable, since she was in court when the date was selected (see id.; Matter of Darryl H.W. [Angelina P.], 194 AD3d 439, 440 [1st Dept 2021]). Contrary to the mother's argument, the record supports the court's assessment that, in light of the mother's previous delays, her "failure to maintain contact with [her] attorney and keep [herself] apprised of the status of the hearing showed that her default was due to an overall lack of attention to the proceeding" (see Natalia M. v Odane S., 172 AD3d 597, 597 [1st Dept 2019]).
The mother also failed to offer a meritorious defense to the custody proceeding. (see Matter of Chantel C., 189 AD3d 532, 533 [1st Dept 2020]). The record shows that beginning in February 2018, the father took the child to live with him at the mother's request and provided the child with a stable and caring home, where she wished to remain. In contrast, the mother had disruptive and irregular visits with the child, and was eventually required to have her visits supervised. She did not offer evidence to contradict the father's testimony that before February 2018, her home had been in disarray, without adequate food, and had become a "hangout" for people who drank and smoked marijuana. Nor did the mother submit or offer to submit evidence that she had obtained suitable housing, was financially able to care for the child, or had remedied the problems that led to the father obtaining temporary custody in the first place (see e.g. Matter of Orchid C. [Tiffany C.], 171 AD3d 666, 666-667 [1st Dept 2019]).
We have considered the mother's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 25, 2022