Matter of K.A.M. (Rayshawn H.--Niteskia B.) (2024 NY Slip Op 00271)

Matter of K.A.M. (Rayshawn H.--Niteskia B.)

2024 NY Slip Op 00271

Decided on January 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2024

Before: Webber, J.P., Kern, González, Kennedy, Rosado, JJ. 

Docket No. NN-12701/21, NN-12702/21 Appeal No. 1505 Case No. 2023-02540 

[*1]In the Matter of K.A.M. and Another, Children Under Eighteen Years of Age etc., Rayshawn H., Respondent-Appellant, Niteskia B., Respondent, Administration for Children's Services, Petitioner-Respondent.

Carol L. Kahn, New York, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Susan Paulson of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the children.

Order, Family Court, Bronx County (Ashley B. Black, J.), entered on or about April 3, 2023, which denied respondent Rayshawn's motion to vacate an order of
fact-finding, same court and Judge, entered on or about March 1, 2023, finding, upon his default, that he neglected the subject children, unanimously affirmed, without costs. Appeal from order of disposition, same court and Judge, entered on or about May 5, 2023, which, to the extent appealed from as limited by the briefs, brings up for review the March 1, 2023 fact-finding order, unanimously dismissed, without costs, as taken from a nonappealable paper. Appeal from March 1, 2023 fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
Family Court providently exercised its discretion in denying respondent's motion to vacate his default (see Matter of Serenity Victoria M. [Allison B.], 150 AD3d 486 [1st Dept 2017]) because he failed to demonstrate a reasonable excuse for his failure to appear at the continued hearing on the family offense petition (see CPLR 5015[a][1]; Matter of Yadori Marie F. [Osvaldo F.], 111 AD3d 418, 419 [1st Dept 2013]). Respondent's contention that he was in the court's virtual lobby waiting to be let into the virtual hearing for about 50 minutes conflicted with his counsel's statement to Family Court that he was requesting an adjournment on respondent's behalf because he had just received a text from respondent stating that he "was on his way to work." The other evidence submitted by respondent, a screen shot purportedly showing that he was in the court's virtual lobby at 4:51 p.m., is undated and did not establish whether he was present 50 minutes earlier, when the hearing was scheduled to begin, or how long he had been waiting (see Matter of Danielle R., 239 AD2d 305, 305 [1st Dept 1997]). Family Court properly denied the request of respondent's counsel for an adjournment because he could not provide any explanation for respondent's failure to appear (see Matter of Keith H. [Logann M.K.], 113 AD3d 555, 556 [1st Dept 2014], lv denied 23 NY3d 902 [2014]).
Since respondent failed to proffer a reasonable excuse for his default, this Court need not determine whether he proffered a meritorious defense (see Matter of Darryl H.W. [Angelina P.], 194 AD3d 439, 440 [1st Dept 2021]). In any event, his affidavit did not address the charges that he neglected the children by committing acts of domestic violence against the mother in their presence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2024